### 3218.   HUBBARD v. SHAW.

RUSSELL, J.   1. There was a direct conflict between the evidence for the plaintiff and the testimony of the defendant, but the credibility of the witnesses is a question to be determined by the jury, and the evidence fully authorized the conclusion that the defendant empowered his partner in the land to employ the plaintiff as a real-estate agent to sell the farm in question, giving his partner unlimited discretion as to the terms and conditions of the sale, and that the real-estate agent fulfilled his contract by finding a purchaser who was willing, able, and ready to comply with the terms of sale fixed by the partner and ratified by him.

2. The remaining assignments of error are not sufficiently meritorious to warrant a reversal of the judgment refusing a new trial.

(*a*) The hearsay testimony was not injurious to the defendant, in view of the testimony of the defendant's partner that he was satisfied as to the willingness of the proposed purchaser to buy, and his ability to pay for the partnership farm.

(*b*) The statement of counsel for the plaintiff, to the effect that Kelly, one of the codefendants, had tendered one half of the commissions sued for, and that none of the costs should be taxed against him, did not amount to a release of the other codefendant; and even if the statement was prejudicial to the plaintiff in error, no ruling of the lower court was invoked thereon, and consequently that phase of the exception presents nothing for the consideration of this court.

*Judgment affirmed. Pottle, J., not presiding.*

DECIDED JANUARY 30, 1912. REHEARING DENIED FEBRUARY 12, 1912.

Complaint; from city court of Tifton—Judge R. Eve. January 10, 1911.

*R. E. Dinsmore, B. P. Gaillard Jr.,* for plaintiff in error.
*Fulwood & Murray, Hendricks & Christian,* contra.