### 14680.   BROWN *v.* TANKERSLEY.

The evidence authorized the jury to find that the person driving the defendant's automobile when it struck the plaintiff's car and inflicted the injuries in question was using the defendant's automobile in the defendant's business and had authority to drive it.

Refusal to allow a repetition of testimony of a witness, recalled by the party introducing him, was not error.

Omission of instructions not requested, on the question of comparative negligence, which question was not raised by the pleadings, is not ground for a new trial.

That the court used the word "and" instead of "or," in charging the jury as to ordinary care on the part of the plaintiff to avoid injury "to himself and his automobile," is not ground for a new trial, it not being likely that the jury were misled thereby or rendered a verdict which they would not have rendered had the word "or" been used.

>              DECIDED OCTOBER 3, 1923.

Action for damages; from Floyd superior court—Judge Wright. April 25, 1923.

*Willingham, Wright & Covington,* for plaintiff in error.

*Porter & Mebane,* contra.

LUKE, J.   Tankersley sued Joe Brown, doing business as Brown Transfer Company, for $1,100 damages for injuries alleged to have been inflicted upon the plaintiff and his automobile by reason of

the negligence of the driver of the defendant's car in driving it against the plaintiff's automobile. The jury found a verdict for $175, and the defendant excepted. There was abundant evidence to show injuries to both the plaintiff and his car, and negligence on the part of the driver of the defendant's automobile. The crucial question in the case is whether Wiley, the driver of the defendant's car, had authority to use it, and whether he was using it in the defendant's business. From the evidence it clearly appears that Joe Brown owned and operated the Brown Transfer Company, and that Wiley was driving a car which belonged to Brown and which ordinarily was used in his transfer business. It further appears that, besides the owner, Hurmel Beyseigel and Fred Brown worked at the defendant's place of business and had authority to send out taxicabs, but it does not appear that any other person worked there or had such authority. The preponderance of the evidence shows that the defendant was not at his place of business on the night of the collision. Beyseigel was there, and thought Fred Brown was there also, but did not know who sent the car out. After swearing on direct examination that Mr. Joe Brown sent him out, Wiley testified on cross-examination that he didn't know whether it was Mr. Joe or Mr. Fred, but that some one hollered out to him to run down and get these people, he didn't know who it was called him. He later swore that "at the time there wasn't any one there except Mr. Beyseigel and Mr. Joe and Mr. Fred Brown." Wiley did not work regularly for Brown, but only when called in.

1. The evidence was sufficient to support the verdict.

2. The court did not err in refusing to permit the witness Wiley, who had been recalled for further examination by the defendant, to testify that he did not know what person told him to take the car, this feature of the case having already been gone into thoroughly by the same witness, and he having previously sworn to the fact sought to be adduced.

3. "In a suit for a negligent tort, where the question of diminution of damages by reason of negligence on the part of the person injured is not raised by the pleadings of either party, it does not constitute reversible error for the court, in the absence of a request, to omit to charge on that subject, where he has charged fully as to the effect of the negligence of the injured person upon the right to recover at all; although it is the better practice to charge

on the subject of comparative negligence and diminution of damages where the evidence authorizes it." *Powell* v. *Berry,* 145 *Ga.* 696, (5) (89 S. E. 753, L. R. A. 1917A, 306). See also *Southern Ry. Co.* v. *Weatherby,* 20 *Ga. App.* 399 (2) (93 S. E. 31), and citations.

4. The concluding part of an excerpt from the charge, that plaintiff would be entitled to recover if by the exercise of ordinary care on his part he could not have avoided the injury "to himself and his automobile," is not reversible error because the conjunctive "and" instead of the disjunctive "or" was used in the above-quoted clause, or because the charge did not apprise the jury that "if plaintiff could have avoided the personal injury to himself by the exercise of ordinary care, he could not have recovered on account of this personal injury, although he may not have been able to avoid the injury to his automobile by the exercise of ordinary care," it not being at all likely that the jury was misled by the charge, or that a different verdict would have been rendered had the word "or" been used as suggested.

5. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*