25129. SPENCE *v.* STERCHI BROTHERS STORES INC.

JENKINS, P. J. 1. In the foreclosure of an alleged conditional-sale contract under the procedure governing the foreclosure of a chattel mortgage as provided by the Code of 1933, §§ 67-1601, 67-1602, 67-1603, on the trial of an affidavit of illegality filed by the defendant under § 67-801, setting up that he did not buy the property in question, and did not execute the alleged retention-of-title contract, the plaintiff was not entitled to prevail merely because the undisputed evidence showed that the defendant had bought, retained, and used the property. In order for the plaintiff to be entitled to proceed further upon the previously issued execution, arrested by the defendant's illegality and replevy bond, it was essential to show that the title was reserved under the contract of sale. See Code, §§ 67-803, 67-804.

2. The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when it is self-contradictory, vague, or equivocal. And unless there is other evidence tending to establish his right to recover, he is not entitled to a finding in his favor, if that version of his testimony the most·unfavorable to him shows that the verdict should be against him. *Southern Ry. Co.* v. *Hobbs,* 121 *Ga:* 428 (49 S. E. 294) ; *Henry* v. *Nashville &c. Ry. Co.,* 50 *Ga. App.* 49 (176 S. E. 906), and cit. In the instant case there was no dispute under the evidence as to the amount of the indebtedness. On the sole question as to whether the conditional-sale contract as signed by the defendant included the radio foreclosed on, or a different radio which the defendant had previously returned to the plaintiff with full credit therefor, a verdict was demanded for the plaintiff, under the rule stated, since the defendant's testimony, construed most strongly against him, showed that he executed the contract describing the property in question. The court did not err in directing a verdict against the defendant, and in denying a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 21, 1935.

*William E. Mann, W. G. Mann,* for plaintiff in error.
*R. Carter Pittman,* contra.