### 31193. LIBERTY NATIONAL LIFE INSURANCE COMPANY *v.* MITCHELL.

DECIDED APRIL 3, 1946.

*Hardin & McCamy,* for plaintiff in error.

*C. H. Dalton,* contra.

SUTTON, P. J. (After stating the above facts.) This case was before this court in *Mitchell* v. *Liberty National Life Ins. Co.,* 72 *Ga. App.* 600 (34 S. E. 2d, 583), wherein it was held that the petition set out a cause of action. The exception here is to the judgment of the trial court overruling the defendant's motion for a new trial based on the general grounds; so it is necessary to determine whether the verdict of the jury is supported by the evidence. It clearly appeared from the evidence that the plaintiff was totally disabled, and that she had given notice of her claim for total disability benefits to the defendant prior to the institution of the action. It was admitted by the defendant that the policy was in effect at the time of the trial. The controlling issue is whether or not there is any evidence to support the finding of the jury that the disability of the plaintiff was due to a bodily injury sustained by the plaintiff while the policy was in force.

The burden was on the plaintiff to show that her disability was the result of such a bodily injury, and she was the only witness to testify as to the time, manner, and circumstances under which she was injured. While her husband testified that he carried her to Dr. Russell, and later to other doctors, he did not testify that he knew of his own knowledge that the plaintiff sustained the in-

jury testified to by her; but his testimony was that he carried her to Dr. Russell after she said that she had fallen and sprained her ankle. The only medical testimony in the case was to the effect that the plaintiff's disability was the result of multiple arthritis, and that this could not have resulted from an injury such as testified to by the plaintiff. Whether or not the plaintiff carried the burden of showing that her disability was the result of a bodily injury sustained by her while the policy was in force, depends entirely on her own testimony.

It is well-settled law in this State that the testimony of a party to a cause, as distinguished from that of other witnesses, is to be construed most strongly against her, when it is self-contradictory, vague, or equivocal, and it will not authorize a recovery, unless other evidence establishes her right thereto, if the most unfavorable version of her testimony shows that the verdict should be against her. *Henry* v. *N., C. & St. L. Ry. Co.,* 50 *Ga. App.* 49 (176 S. E. 906); *Spence* v. *Sterchi Brothers Stores Inc.,* 52 *Ga. App.* 321 (2) (183 S. E. 128); *Robinson* v. *DeVaughn,* 59 *Ga. App.* 37 (200 S. E. 213). In the present case, the plaintiff testified on direct examination that she slipped and sprained her ankle some years after the policy had been taken out; that two or three days later her husband carried her to Dr. Russell, and later to other doctors, who treated her; that her ankle swelled and became sore; and that this swelling and soreness spread to other parts of her body, and caused her to become totally and permanently disabled. However, on cross-examination, she testified in part: "The first notice I had of any trouble was a swelling in my ankles, my feet and ankles swelled. That was when I went to see Dr. Russell. I told Dr. Russell my feet and ankles were swelling. I had no trouble in my hands or limbs at that time. I had had no accident at the time I went to see Dr. Russell. I hadn't sustained any injuries of any kind. . . I don't remember just when this was that I slipped and fell. As to whether or not it was when I lived back of the thread mill, back in 1920, sometime back in 1925, at least that far back—well, yes, I guess so. . . As to whether or not the time I have reference to now when I said I slipped and fell and after that my foot began to swell, as to whether or not I am pretty sure that was back as far as 1924 or 1925—well, yes, about that time I guess. Since that

time I have had no injuries or falls or sprained ankles or anything like that." The policy sued on was dated February 10, 1930. There were other conflicts in the evidence of the plaintiff, and it was otherwise vague, uncertain, and indefinite in material particulars as to the time when she sustained an injury, and the manner in which this injury caused her to become disabled.

The plaintiff's testimony being the only evidence before the jury in support of her allegations, that she sustained a bodily injury by spraining her ankle while the policy was in force and that this caused her to become totally and permanently disabled, and her evidence on this vital issue being vague, uncertain, and self-contradictory, the verdict in her favor was without evidence to support it; and for this reason the trial judge erred in overruling the defendant's motion for a new trial. *Long Cigar & Grocery Co.* v. *Harvey*, 33 *Ga. App.* 236 (2) (125 S. E. 870), and cit.; *Louisville & Nashville R. Co.* v. *Lusk*, 37 *Ga. App.* 99 (139 S. E. 89). *Judgment reversed. Felton and Parker, JJ., concur.*