34663.   GRIFFIN *v.* BURDINE.

DECIDED NOVEMBER 20, 1953—REHEARING DENIED DECEMBER 16, 1953.

392

*William Butt, Herman J. Spence,* for plaintiff in error.
*W. Geo. Thomas, Essley B. Burdine,* contra.

QUILLIAN, J. ■ The general grounds of the motion for new trial are without merit. It is contended in these grounds that the plaintiff's evidence was so vacillating and uncertain that it did not amount to positive proof of any fact, and for this reason was not sufficient to support the verdict. Burdine's testimony was positive and clear, except that he did not remember whether he received one automobile in December, 1946, or in January, 1947. It was reasonably apparent from his testimony that he was testifying that the automobile was for the year 1947. While he testified he could not remember whether he received an automo-

bile in the last month of 1946, or in January, 1947, he did testify that this automobile was a 1947 model, and it was apparent from his testimony, and the only reasonable inference which could be drawn from it was, that the automobile he purchased was one that was to be sold to him by Griffin at the dealer's price for the year 1947. With much industry and genius counsel for the plaintiff in error have cited quite a number of authorities in support of the proposition that, where the plaintiff's testimony is uncertain and contradictory, it can not be the basis for recovery. Typical among these decisions are *Steele* v. *Central of Ga. Ry. Co.*, 123 *Ga.* 237 (1) (51 S. E. 438), and *Spence* v. *Sterchi Bros. Stores*, 52 *Ga. App.* 321 (2) (183 S. E. 128). We recognize this to be the law, but do not think it is applicable to this case.

The plaintiff in error contends that a new trial should be granted on the general grounds for the reason that the evidence conclusively shows that Griffin was not technically in the automobile business during any of the years referred to in the petition. In support of this position, plaintiff in error cites authorities, among the most notable of which is *Lamar* v. *Allison*, 101 *Ga.* 270 (28 S. E. 686). It is true that a corporation and its stockholders are separate entities. There is no question that a stockholder, in the absence of a special statute making him so, is not liable for the debts of a corporation. It is also well recognized by the courts of this State that a stockholder of a corporation is not in a technical sense engaged in the business transacted by the corporation simply by reason of his relation to the corporation as a stockholder. But all contracts are to be construed according to the intention of the parties (Code § 20-702), and that intention is to be arrived at by a consideration of the wording employed in the contract in connection with all the facts and circumstances surrounding the parties at the time of the making of the contract. *A. C. Alexander Lumber Co.* v. *Bagley*, 184 *Ga.* 352 (191 S. E. 446). When the plaintiff, Burdine, and the defendant, Griffin, entered into a contract by which it was agreed that each year thereafter so long as Griffin was in business he was to furnish Burdine with an automobile at dealer's cost, and both Burdine and Griffin knew that Griffin was not engaged in the automobile business except as a stockholder in a corporation engaged in that business, it was contemplated by both parties to that contract that, so long as Griffin continued

to hold stock in a corporation engaged in the business of selling automobiles, he was to furnish an automobile to Burdine each year at the dealer's cost. This is borne out by the fact that Burdine and Griffin had obtained a charter for a corporation, the business of which was to act as a dealer for certain automobile manufacturers and to sell those automobiles. The consideration for the contract of July 22, 1946, set out in the statement of facts, was that Burdine would convey his interest in that very corporation to Griffin, in return for Griffin's promise to furnish Burdine with the automobiles at dealer's cost. Burdine and Griffin both know that Griffin was not then engaged in the automobile business personally, and that he intended to engage in the business only as a stockholder of the corporation. In pursuance of this plan, Griffin did exactly what was contemplated by the agreement with Burdine and remained in the automobile business in the sense contemplated by his contract with Burdine.

■ Special ground one of the plaintiff's motion complains that the judge charged the jury as follows: "The plaintiff contends that he did not get a car from Mr. Griffin under the contract in 1946. He says that the car he got at the end of that year or the first of the next year was one he got for 1947." The complaint is that this charge was not adjusted to the pleadings or the evidence. In his petition as amended, Burdine alleged that he did not get a car for 1946. He testified, as hereinbefore stated, that he received only one car during the years 1946 and 1947, and that he did not receive that automobile until either December of 1946 or January of 1947. He further explained that he could not be absolutely certain whether the automobile was received by him in December, 1946, but that it was either received by him in December, 1946, or in January, 1947. He testified that it was a 1947 model. We think that from this evidence a fair inference would arise that the plaintiff contended that he received that automobile for the year 1947, rather than for the year 1946, and that the charge was reasonably accurate and presented the plaintiff's contentions substantially as made. It is not necessary that the evidence in so many words present an issue, if the common sense and reasonable interpretation of the evidence does present the issue. *Brown* v. *Matthews*, 79 *Ga.* 1 (4 S. E. 13) ; *Bowie Martin* v. *Dews*, 73 *Ga. App.* 73 (35 S. E. 2d 577).

■ Grounds two and three complain that the court directed the jury to find in favor of the plaintiff and against the defendant for one-half of the profit on a new car for 1952. The jury, under the pleadings and the evidence, could not have understood this to mean other than that a verdict should be returned for the plaintiff against the defendant for one-half of the difference between the manufacturer's price and the dealer's price of a new car in 1952. The evidence was without dispute that the defendant was engaged in the automobile business, within the contemplation of the contract entered into by the plaintiff and the defendant on June 22, 1946, by the terms of which the defendant was to furnish the plaintiff with an automobile, at the wholesale or dealer's price, each year that he remained in the automobile business. There was no dispute that the plaintiff had offered to buy an automobile from the defendant during 1952, and had demanded that the defendant comply with his contract. It was also established by uncontradicted evidence and admitted by the defendant that he refused to sell the plaintiff an automobile during 1952.

The direction of the verdict in favor of the plaintiff for one-half of the difference between the dealer's price and the retail price was predicated upon the wrong reason and was erroneous, but it was more favorable to the defendant than the evidence authorized. The court directed the verdict under the misapprehension that the plaintiff was limited in the extent of his recovery by the proportion that the defendant's interest in the corporation in which he held stock in 1953 bore to the entire value of the corporation. Whereas, the extent of plaintiff's right of recovery was fixed by the contract which he on the one part, and Griffin on the other, had entered into on June 22, 1946, which contract we have hereinbefore set out in its entirety. Under that contract, the obligation of the defendant and Poe to furnish the plaintiff automobiles during the period therein contemplated was a joint and several obligation for the entire performance of which each was responsible. Under the evidence the plaintiff should have had a verdict directed in his favor for the whole amount of the difference between the wholesale and retail prices of a new automobile for the year 1952, but, since the plaintiff has not seen fit to except to the direction of the verdict for a lesser amount, the defendant cannot complain that the verdict directed

was for an amount less than might have been found under the evidence.

■ The fourth ground of the motion complains of the following charge: "However, I charge you that the contentions of the parties are not evidence, and that you must base your verdict upon the evidence in the case as it comes from the witnesses on the stand or from any documentary evidence that has been introduced." It is true that the wrong choice of a single word can change the entire meaning of a charge, and certainly the difference in the use of the word "or" instead of the word "and" can so restrict the meaning of an otherwise correct charge as to render it erroneous. In determining whether an extract from a charge presents a mere verbal inaccuracy or substantial error, the connection in which such portion of the charge is given and the entire charge should be considered. In *Brown* v. *Tankersley*, 31 *Ga. App.* 23 (119 S. E. 459), this court said: "That the court used the word 'and' instead of 'or' in charging the jury as to ordinary care on the part of the plaintiff to avoid injury 'to himself and his automobile', is not ground for a new trial, it not being likely that the jury were misled thereby or rendered a verdict which they would not have rendered had the word 'or' been used." Again in *Southern Ry. Co.* v. *Wilcox*, 59 *Ga. App.* 785 (3) (2 S. E. 2d 225), this court said: "Even though the charge using the word 'testimony' in several instances instead of the word 'evidence' was inapt, yet when considered with the charge as a whole, it was not cause for reversal." It appears to us that, standing alone, this charge was not really calculated to mislead the jury, or that a jury composed of reasonably intelligent men would have understood that they were not to consider both the documentary evidence and the oral testimony. But, be that as it may, in the light of the whole charge as given by the court, it is perfectly certain that the judge gave the jury to understand that the verbal evidence in the case as well as the documentary evidence was to be considered. The court, in charging the jury as to the preponderance of the evidence, stated that they should consider the witness's manner of testifying, the nature of the facts to which he testified, his means and opportunity of knowing the facts to which he testified, the probability or improbability of his testimony, and his interest in the case. The judge also charged the jury that they should consider the personal credi-

bility of the witnesses so far as it legitimately appeared from the trial, and that the number of witnesses should be considered, though the preponderance of the evidence was not necessarily with the greater number. Thus it became perfectly apparent that the court intended for the jury to consider the verbal evidence in the case. In this connection, see *Southern Ry. Co.* v. *Chitwood,* 141 *Ga.* 769 (82 S. E. 135), and *Sutton* v. *Ford,* 144 *Ga.* 587 (6) (87 S. E. 799).

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*