## 35645. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* CLINARD.

DECIDED OCTOBER 19, 1955—REHEARING DENIED NOVEMBER 15, 1955.

*Peacock, Perry, Kelley & Walters,* for plaintiff in error.

*Burt & Burt, H. P. Burt,* contra.

GARDNER, P. J. ■ The court did not err in overruling the demurrers.

■ Special grounds denominated 4 and 5 are substantially the same as ground 4 in *Atlantic Coast Line R. Co.* v. *Clements,* 92 *Ga. App.* 451 (88 S. E. 2d 809). The ruling there is controlling here and these grounds show reversible error.

■ Special ground 6 assigns error on the following excerpt from the charge of the court: "I charge you, that a railroad company shall keep in order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, according to a spirit of the road laws. Such crossings shall include the width of land on both sides of the road allowed by charter or appropriated by the company therefor, and as many feet beyond each way as is necessary for a traveler to get on and off crossings safely and conveniently.

"In other words, the defendant owed the plaintiff the duty to keep the approaches of the Mock Crossing in good order, and, if they were negligent in this and the negligence was the proximate cause, or combined with the negligence of Sergeant Clements, if any, to constitute the proximate cause, then, in that event, plaintiff would be entitled to recover." In view of the whole charge of the court there is no merit in this contention.

■ Special ground 7 assigns error on the following excerpt from the charge of the court: "The plaintiff further contends that her injuries are permanent, that she now suffers and has suffered from these injuries from the time they were sustained, that she has suffered up to the time of the trial and that she will continue to suffer mental and physical pain in the future. If you find that she has suffered pain, mental or physical, up to the present time, you could allow up to the present time, if you think she is entitled to recover. If you find that her injuries are such as will probably cause her future pain and suffering, mental and physical, you would be authorized to allow compensation for such mental or physical pain and suffering. If you allow her any amount for any future mental and physical pain and suffering, you must reduce that amount to its present cash value, figured at the rate of seven percent per annum." Error is assigned on the ground

that the evidence did not authorize a finding that the plaintiff's injuries were permanent. In view of the charge of the court as a whole this special ground shows no reversible error.

■ Special ground 8 assigns error in that the court erred in failing to give any instructions to the jury with respect to damages if the jury should find, as counsel contends, the evidence authorized, that the plaintiff's injuries were less than permanent. The court charged in part as follows: "The plaintiff further contends that her injuries are permanent, that she now suffers and has suffered from these injuries from the time they were sustained, that she has suffered up to the time of the trial and that she will continue to suffer mental and physical pain in the future. If you find that she has suffered pain, mental or physical, up to the present time, you could allow up to the present time, if you think she is entitled to recover. If you find that her injuries are such as will probably cause her future pain and suffering, mental and physical, you would be authorized to allow compensation for such mental or physical pain and suffering. If you allow her any amount for any future mental and physical pain and suffering, you must reduce that amount to its present cash value, figured at the rate of seven percent per annum."

In view of the full charge of the court, we do not find this failure to charge to be reversible error.

■ Special ground 9 assigns error because it is alleged that the court erred in permitting Dr. C. S. McCall, a witness for the plaintiff, to testify over objections of the defendants as to certain statements made to him by the plaintiff and also as to opinions formed from statements made to him by the plaintiff. This testimony was hearsay and inadmissible in a case such as the one at bar and is reversible error. See in this connection *Atlanta Street R. Co. v. Walker*, 93 *Ga.* 462 (21 S. E. 48); *Atlanta, K. & N. Ry. Co. v. Gardner*, 122 *Ga.* 82 (49 S. E. 818); *Wade v. Drinkard*, 76 *Ga. App.* 159 (45 S. E. 2d 231); *Ala. Great Southern R. Co. v. McBryar*, 65 *Ga. App.* 153 (15 S. E. 2d 563).

Since the case is to be reversed on special grounds, we will not pass upon the general grounds, since, if the case is tried again, the evidence may be different.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*