### 45545. EAST POINT FORD COMPANY v. LINGERFELT.

QUILLIAN, Judge. Jesse Lingerfelt filed suit in Fulton Superior Court against East Point Ford Company and Steven W. Perry. The complaint alleged that the plaintiff was injured on October 16, 1968, when his vehicle was struck from the rear by a vehicle owned by the defendant East Point Ford Company and driven by the defendant's agent, Perry. On the trial of the issues, the plaintiff dismissed the complaint as to the defendant Perry and the case then proceeded against East Point Ford Company as the only defendant.

The jury returned a verdict for the plaintiff in the amount of $11,500 and judgment was duly entered upon such verdict. This is an appeal from the original and amended order of the trial judge overruling the defendant's motion for new trial. *Held:*

1. (a) Enumeration of error 8 complains of a hypothetical question and enumeration of error 9 complains of the answer elicited on the ground that it is shown that in answering the question the expert witness, who was a psychiatrist, based his response on hearsay and not facts adduced on the trial.

The question which was contained in a deposition introduced on the trial reads as follows: "Doctor, let me try to rephrase this question to you and ask, based on the head injury that you have described Mr. Lingerfelt received in combat in Viet Nam and assuming that he was involved in an automobile collision in which he was hit from the rear with a severe impact, involving a severe impact of automobiles, and then Mr. Lingerfelt began to have trouble with his speech, began to have headaches, a weakness in his right arm and on one occasion collapsed, what would you say in your medical opinion was the cause of these difficulties?"

Based upon the previous testimony given by the psychiatrist in the deposition, the question involved whether certain injuries described to the psychiatrist by the plaintiff resulted in certain physical impairments or disabilities described to the psychiatrist by the plaintiff. Hence, the psychiatrist was required to give his opinion as to the cause of the plaintiff's physical condition about which the psychiatrist had knowledge only through the history related to him by the plaintiff. The only actual manifestation of prior injury observed by the psychiatrist was the scar on the plaintiff's head.

While other jurisdictions have made a distinction between statements made by a patient to a physician in the course of a physical examination for the purpose of treatment and care of the patient and those made to a physician for the purpose of qualifying him to testify as a medical expert (31 AmJur2d 634, Expert and Opinion Evidence, § 108, and cases cited), the Georgia courts have consistently held that statements made to the physician and opinions formed therefrom are inadmissible as hearsay. *Atlantic C. L. R. Co. v. Clinard,* 93 Ga. App. 64, 66 (90 SE2d 923); *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 137 (91 SE2d 96); *Paulk v. Thomas,* 115 Ga. App. 436 (154 SE2d 872). Of course, exceptions are recognized where complaint of pain is made under such circumstances as to be equivalent to spontaneous and involuntary exclamations or physical manifestations of pain and suffering. *Code* § 38-305; *Southern R. Co. v. Parham,* 10 Ga. App. 531 (8) (73 SE 763). No such showing was made in the case sub judice.

In the *Paulk* case, supra, p. 442, this court considered the following: "Dr. Edmundson [the plaintiff's physician] was asked a hypothetical question by plaintiff's counsel. After reciting facts which were in evidence relative to the collision in which Mr. Paulk [the plaintiff] asserted that he was injured and 'taking into consideration the condition you found Mr. Paulk's body in when you manipulated it on September 24, 1962, would you or would you not have an opinion as to whether or not there would be a causal connection between the collision that occurred, which I have just described and the condition that you found Mr. Paulk's body in?' He answered that he did have an opinion, and upon being asked what it was answered, 'the probable cause of the man's back condition in September of '62 was the accident that he described in July of '62.' Defendant's counsel moved to strike the answer because the doctor's answer showed that it was based upon hearsay. The motion was sustained." This court held: "There was no error in this ruling. Clearly, the doctor was not giving consideration to the facts recited in the question concerning the accident, but was answering on the basis of what Mr. Paulk had told him back in July, 1962."

In this case the entire deposition shows that the psychiatrist's answer was predicated on what the plaintiff (patient) told him and was not in any way based on the facts as testified to. Furthermore, the question itself called for an answer based on information the psychiatrist had obtained from the plaintiff. Thus, under the *Paulk* case grounds 8 and 9 show error since the opinion as to the cause of plaintiff's physical (not mental) condition was based on hearsay.

In *Fields v. State,* 221 Ga. 307, 308 (144 SE2d 339), where a doctor was being cross-examined for the purpose of determining the basis of his expert opinion, the court held the evidence concerning statements the defendant made to the doctor to be admissible. That decision does not conflict with what is herein held. Compare *Moore v. State,* 221 Ga. 636, 644 (146 SE2d 895).

(b) Enumerations of error 3-7 and 10-11 involve statements made by the doctor which are contended to be hearsay. Substantially the same evidence was given by the plaintiff and his step-fa-

ther who was called as a witness. That being true, even if the statements were hearsay they were harmless error and not a basis for a reversal. *Hubbard v. Shaw,* 10 Ga. App. 487 (2a) (73 SE 855); *Long v. Dye,* 42 Ga. App. 726 (4) (157 SE 359); *Rogers v. Manning,* 200 Ga. 844, 849 (38 SE2d 724).

2. The remaining enumerations of error are unlikely to recur upon a retrial and are not considered.

3. For the erroneous admission of evidence detailed in Headnote 1 (a) a new trial must be granted.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 8, 1970—DECIDED MARCH 5, 1971—
REHEARING DENIED MARCH 30, 1971.

*Lokey & Bowden, Glenn Frick,* for appellant.
*Beasley, Kahn, Rosser & Kiser, Warren A. Rosser,* for appellee.