### 56733. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MATTHEWS.

SHULMAN, Judge.

In May, 1976, appellee was involved in an automobile collision. She was treated for injuries to her neck, for which injuries she was compensated by appellant under the provisions of an automobile insurance policy. In August of the same year, appellee fell in her home, injuring her back. She sought payment of her medical expenses from appellant, alleging that the fall merely aggravated a back injury sustained as a result of the automobile collision in May. Appellant denied coverage. Appellee brought suit on the policy and received a jury verdict awarding her the benefits sought plus a 25% bad faith penalty and attorney fees. This appeal is from the judgment entered on that verdict.

1. Appellant's first two enumerations complain of the trial court's denial of appellant's motions for a directed verdict, for a judgment notwithstanding the verdict, and for a new trial. The basis for both enumerations is that there was no competent evidence that appellee's back injury was attributable to the automobile accident in

May. Appellant points out that the testimony of appellee's expert medical witness connecting the back injury to the automobile accident was based solely on a medical history given to the doctor by appellee. Citing *East Point Ford Co. v. Lingerfelt,* 123 Ga. App. 520 (1a) (181 SE2d 713), appellant contends that such testimony constitutes inadmissible hearsay. Although there was no objection to the admission of such hearsay, appellant contends that such hearsay has no probative value. *Chrysler Motors Corp. v. Davis,* 226 Ga. 221 (173 SE2d 691). Therefore, appellant insists, there was no evidence to support the verdict and it was error to deny its various motions.

However, appellant has overlooked the testimony of appellee. She testified that her back was injured in the automobile accident and that she has suffered increasingly from that injury since the accident in May. Her testimony was internally consistent and without vagueness. It constitutes some evidence that the injury for which appellee sought insurance coverage had its genesis in the automobile accident, not the fall at home. Compare *Liberty Nat. Life Ins. Co. v. Mitchell,* 73 Ga. App. 673 (37 SE2d 723).

"In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Speir v. Williams,* 146 Ga. App. 880, 881 (247 SE2d 549). There being some evidence to support the verdict, there was no error in denying appellant's motion for a directed verdict. Similarly, where there is some evidence to support the verdict, it is not error to deny the defendant's motion for judgment notwithstanding the verdict or for a new trial. *Interstate Life &c. Ins. Co. v. Brown,* 130 Ga. App. 850 (1) (204 SE2d 755).

2. In its third enumeration of error, appellant contends that the trial court erred in submitting to the jury the issue of bad faith penalties. We agree and reverse that portion of the judgment comprising penalties for bad faith.

The penalties here sought are provided for in Code Ann. § 56-3406b: "In the event the company fails to pay each benefit when due, the person entitled to such benefits may bring an action to recover them, and the company

must show that its failure or refusal to pay was in good faith, otherwise the company shall be liable for a penalty not exceeding 25 per cent of the amount due and reasonable attorney's fees."

The issue here is whether the question of good or bad faith should have been submitted to a jury. In construing § 56-3406b, this court has held, citing *Bituminous Cas. Corp. v. Mowery,* 145 Ga. App. 45 (2) (244 SE2d 573), that "ordinarily, the determination of 'good or bad faith of the insurer is for the jury.'" *Miller v. Spicer,* 147 Ga. App. 759 (3) (250 SE2d 492). In *Bituminous Cas. Corp.,* supra, this court held, without using the word "ordinary," that the issue is one for the jury. However, that statement must not be taken for a holding that there are no instances in which the issue is one of law for the court. The cases cited in *Bituminous Cas. Corp.* in support of that proposition hold, for the most part, that under the evidence in those cases, the issue was one for the jury. One of the cases cited, however, contains a holding most appropriate for this case: "Though ordinarily these are questions for the jury, if there is no evidence of such frivolous or unfounded refusal to pay, *or if the question of liability is a close one,* the court for the furtherance of justice should see to it that a verdict which illegally carries a penalty for bad faith is not allowed to stand. [Cit.]" *Pearl Assur. Co. v. Nichols,* 73 Ga. App. 452, 455 (37 SE2d 227). (Emphasis supplied.)

The instant case is such a case as is described in *Pearl Assur. Co.* We held in Division 1 of this opinion that the testimony of the appellee was sufficient to uphold the verdict. Looking carefully at the evidence, however, we find that the issue of liability was very close. Appellee's evidence was her testimony and that of a specialist who treated her after the fall at home. That doctor testified that, based on the history given him by appellee, there was a connection between the automobile accident and the back injury. Under the holding in *East Point Ford Co. v. Lingerfelt,* supra, such testimony is without probative value in establishing the link between the accident in May and the back injury in August. Appellant produced correspondence from the doctor who treated appellee in May to the effect that there was no connection between the car accident and the back injury. Later

correspondence from that doctor, in which he stated that he had no reason to disbelieve appellee's statement that she told him in May of her back pains, adds nothing to appellee's case. This correspondence, insofar as the cause of injury is concerned, is subject to the same evidentiary infirmity that rendered the other doctor's testimony without probative value. We hold that appellant bore its burden of showing good faith and that evidence of bad faith is lacking. Therefore, there being no other reversible error in this case, the judgment of the trial court is affirmed with direction that the portion of the verdict and judgment awarding penalties for bad faith be written off; otherwise the judgment is reversed.

*Judgment affirmed on condition. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED FEBRUARY 23, 1979 — REHEARING DENIED MARCH 16, 1979 — 

*Twitty & Twitty, Frank S. Twitty, Sr.,* for appellant. *Hatcher & Strickland, Charles F. Hatcher,* for appellee.

ON MOTION FOR REHEARING.

Appellant again vehemently asserts that no recovery was authorized in this case. Essentially, it is submitted that appellee's fall in August, 1976 constituted an efficient superseding cause which, absent evidence that the automobile injury caused the fall or that the fall was foreseeable, relieved the insurance company of further liability for appellee's injuries.

A review of the jury charges shows that the jury was instructed that recovery could be had for injuries sustained in the fall regardless of causation if appellee "proves the fall of August 30, 1976 aggravated an existing and continuing injury which originated in the automobile injuries of May 19, 1976 and that the medical expenses were due solely to the aggravation of the original automobile injuries of May, 1976." Appellant did not object to this charge then and does not object to this charge now. A review of the evidence shows that appellee

produced competent evidence authorizing recovery under these instructions. Accordingly, we adhere to our original decision.

*Motion for rehearing denied.*