**SENTRY INDEMNITY COMPANY,**
Plaintiff–Appellee,

v.

**Frances PEOPLES,**
Defendant–Appellant.

No. 87–8803.

United States Court of Appeals,
Eleventh Circuit.

Oct. 3, 1988.

Stephen F. Carley, Atlanta, Ga., for defendant-appellant.

Richard B. Eason, Jr., Eason, Kennedy & Associates, Atlanta, Ga., for plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and NESBITT *, District Judge.

---

* Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

Defendant Frances Peoples appeals from a $3,744.39 jury verdict in her favor and from the district court's dismissal of her bad faith counterclaim to plaintiff insurance company's declaratory judgment action. We affirm.

Peoples entered into a contract for automobile liability insurance with Sentry Indemnity Company on May 3, 1978. On the same day, she signed a separate one-page form entitled "Georgia Automobile Supplementary Application—Offer to Purchase Additional Coverage," marking the box labelled "No Optional PIP." PIP is an abbreviation of "Personal Injury Protection." Georgia law provides that basic PIP coverage is $5,000 when no optional coverage is purchased.

Peoples was injured in an automobile accident on February 11, 1980. She applied for and received $5,000 in basic PIP benefits. On October 6, 1981, she made her first claim for optional PIP benefits. Sentry declined to extend additional benefits on the ground that on her supplementary application form, appellant indicated she was aware of and had rejected additional PIP benefits. In February 1982 Peoples brought suit in Georgia state court seeking the additional benefits. The action subsequently was removed to federal district court.

Meanwhile, the Georgia Supreme Court held that in the absence of a qualifying signature rejecting optional PIP coverage, a supplementary application form such as the one Peoples had signed, one with only a signature at the bottom, would be construed so as to provide for optional coverage. *Flewellen v. Atlanta Casualty Co.,* 250 Ga. 709, 300 S.E.2d 673 (1983). In light of this change in the law, Sentry paid Peoples some optional PIP benefits. The district court entered a consent order of settlement and dismissal on October 12, 1983.

Peoples, however, was not satisfied. On October 31, 1983, she made additional claims for lost wages allegedly resulting from the accident. Sentry then filed for declaratory judgment in federal district court, seeking a ruling that it was not obligated to pay Peoples optional PIP benefits. Peoples filed a counterclaim for additional PIP benefits and statutory penalties for bad faith failure to pay. Subsequently, the Georgia Supreme Court issued another decision relating to PIP coverage. In *St. Paul Fire & Marine Insurance Co. v. Nixon,* 252 Ga. 469, 314 S.E.2d 215 (1984), the court retreated somewhat from *Flewellen* and held that substantial compliance with current statutory law could be demonstrated when, as in Peoples' application, only one signature appeared.

Sentry moved for and was granted summary judgment on this basis. On appeal, we reversed and remanded for trial on the merits. *Sentry Indem. Co. v. Peoples,* 800 F.2d 1547 (11th Cir.1986). At the trial the jury found that $3,744.39 of Peoples' alleged damages were the result of the accident. The district court dismissed Peoples' bad faith claim for statutory penalties, stating two reasons: one, that because the law was in a state of flux, Sentry was not acting in bad faith when it refused to extend additional coverage; and two, that because the issue of liability was close, the question of bad faith was not for the jury. The district court denied Peoples' motions for a new trial and for judgment notwithstanding the verdict.

Appellant raises several issues on appeal, three of which can be resolved summarily. First, she contends that the district court erred in prohibiting certain voir dire questions concerning prospective jurors' connections with insurance companies. Second, she argues that the trial court abused its discretion by limiting her opening argument to twenty-one minutes and by requiring her to present her evidence first. Third, she contends that the court erred in admitting certain exhibits into evidence.

Most of these matters are within the broad discretion of the trial court. *See, e.g., Rosales–Lopez v. United States,* 451 U.S. 182, 189, 101 S.Ct. 1629, 1634, 68 L.Ed. 2d 22 (1981) (voir dire examination); *Trawick v. Manhattan Life Ins. Co.,* 484 F.2d 535, 538 (5th Cir.1973) (time allotted for oral argument); *Vaughan v. Texas Branches,* 112 F.2d 536, 537 (5th Cir.1940)

(order of proof). In any event, the record reveals that Peoples failed properly to object to any of these rulings at trial; thus, whatever valid objections she may have had were waived.

 Peoples also maintains that the jury verdict of $3,744.39 is inadequate, and is therefore inconsistent, and necessarily indicates a compromise. *See Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1513 (11th Cir.1983). A district court in its discretion may set aside an excessive or inadequate jury verdict and order a new trial. Appellate review of the court's ruling on the motion for new trial is very limited; we may reverse only for an abuse of discretion. *Lucas v. American Mfg. Co.*, 630 F.2d 291 (5th Cir.1980). The only evidence Peoples points to in support of her impermissible compromise argument is that the award is exactly ten per cent of the unpaid policy limits. This mathematical relationship does not constitute the kind of evidence necessary for a showing of an impermissible compromise. *Mekdeci* at 1513. No abuse of discretion has been demonstrated.

 Finally, Peoples argues that the district court erred in dismissing her claim for no-fault statutory penalties. Georgia law provides that if an insurer fails to pay no fault benefits within thirty days after receiving proof of the claim, it is liable to the insured for penalties absent a showing of good faith. Ga.Code Ann § 33–34–6(b) (1982). Georgia courts have held, however, that "where there is no evidence of a frivolous or unfounded reason to pay ... the court should disallow imposition of bad faith penalties." *Government Employees Ins. Co. v. Presley*, 174 Ga.App. 562, 330 S.E.2d 779, 784 (1985). It is also the rule in Georgia that when the question of liability is close the issue of bad faith penalties should not be submitted to the jury. *Georgia Farm Bureau Mut. Ins. Co. v. Matthews*, 149 Ga.App. 350, 254 S.E.2d 413, 415 (1979).

The district court stated two reasons for dismissing the bad faith claims. First, Georgia law concerning optional PIP benefits had been in such a state of flux that it was difficult for Sentry to determine the extent of its liability to Peoples. Second, evidence that Peoples' cancer contributed to her medical problems clearly was sufficient to make the issue close.

We conclude that the trial court's ruling was correct for the reasons stated. In addition, this was a bifurcated trial and at the time of her ruling the trial judge had already received the $3,744.39 verdict. Given the jury's finding that Sentry was not liable for most of Peoples' additional claims, it would be incongruous to submit to the jury the question of bad faith in failing to make timely payment of such claims.

The judgment of the district court is AFFIRMED.