HULL *vs.* THE ALABAMA GOLD LIFE INSURANCE COMPANY.

1. Where, after the death of a person insured under a life policy, proofs of death were promptly made out upon forms furnished by the company, and repeated demands for payment were thereafter made upon the company by the agent of the beneficiary, who was recognized and treated as such by both parties, and after the time for payment fixed by the policy the beneficiary notified the company and sent a person to the place where its principal office was located, who made a direct demand for payment, there was ample evidence of a demand made under §2850 of the code; and in a suit on the policy, the jury having found for the plaintiff the amount of the policy, with damages and attorney's fees, it was error to grant a new trial on the ground of want of evidence of such demand.

   (a) The statute does not prescribe any particular form in which such demand shall be made, nor whether it shall be in writing, or a verbal demand will suffice.

2. Bad faith in failing to make payment within sixty days, under the statute, was shown in this case. The pleas were unfounded. That of misrepresentation by the insured as to his age was withdrawn at the commencement of the trial, and that of intemperance contributing to his death was abandoned at the end of the trial; and after suit was brought, without informing themselves of the facts, an effort was made to settle for the amount of the policy.

   (a) The term "bad faith," as used in the statute, has been construed in 74 *Ga.* 220, 642.

   (b) The verdict was right, and the grant of a new trial was error.

3. It was sufficiently alleged and shown that the defendant was a foreign insurance company doing business in this State, and there was no plea to the jurisdiction.

March 21, 1887.

Insurance. Bad Faith. Words and Phrases. Verdict. New Trial. Before Judge HARDEN. City Court of Savannah. July Term, 1886.

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

JOHN M. GUERARD, by brief, for defendant.

HALL, Justice.

George G. Hull took from the Alabama Gold Life Insurance Company, a foreign corporation doing business in the State of Georgia, a policy of insurance on his life for $5,000. After his death, his widow, Mrs. Mary C. Hull, instituted her action, commenced by attachment, against this company for the recovery, not only of the insurance money and interest due thereon, but also for damages and counsel fees, which she alleged in her declaration accrued to her by reason of their bad faith in failing to make payment within sixty days after a demand had been made upon them for this money. The jury, on the trial of this case, returned a verdict for the amount of the policy, together with eight per cent. interest (the rate allowed under the laws of Alabama), twenty-five per cent. damages for withholding payment, and $750 for counsel fees incurred in bringing and prosecuting the suit. A motion for new trial was made on various grounds. The verdict was set aside by the court below upon two grounds: (1) because the judge alleged there was no evidence showing that any demand had been made in accordance with section 2850 of the code; and (2) because there was no evidence showing " bad faith " in withholding this payment of the policy beyond the time prescribed by law.

The special defences set up were three : (1) that Mr. Hull, in his application for this policy, had misrepresented his age, he representing his age to be forty-five at that time, whereas, they alleged, he was then fifty years of age ; (2) because, in violation of one of the conditions of the policy, Mr. Hull had become intemperate in his habits, and used stimulants to an extent that contributed to his death ; that his death was caused by the use of these stimulants ; and (3) because no demand had been made on the company for the amount due upon the policy.

1. By the terms of the policy, the company had ninety days given it after the death before the policy fell due. The proofs of death were promptly made out, Mrs. Hull, through her agent and son-in-law, Mr. Baldwin, applying to this company for forms and directions to make out these proofs of death. From time to time, various demands were made by Mr. Baldwin as her agent. She swore that he was her agent; he swore the same thing, and the company recognized and treated with him as her agent. After the policy became due, Mr. Baldwin, having previously notified them of his purpose, sent a person to Mobile, Alabama, where the principal office of this company was located, and made a direct demand upon them for the payment of the policy. They declined that demand. They acknowledged the receipt of the former demands of Mr. Baldwin, stating that they were holding up this matter for investigation. It does not appear that they ever busied themselves about ascertaining the facts to sustain two of these pleas. When the trial of the case commenced, they withdrew the charge of misrepresentation as to age. At the end of the trial, they utterly abandoned the ground that Mr. Hull's death was the result of intemperate habits. After this suit was brought, they made an attempt, without informing themselves of these facts, to get a settlement out of the attorneys of Mrs. Hull for the amount of the policy. That settlement was declined. Mrs. Hull felt that it was her duty to vindicate the reputation of her

husband, and seems to have been more intent upon that object than she was to recover the amount due her under this policy.

2. There is no sort of doubt as to the proof as to the amount of attorneys' fees. And the facts recited in relation to the defences and the attendant circumstances, afford abundant evidence from which the jury might have inferred "bad faith" on the part of the company in withholding payment of the policy. The interpretation of the term "bad faith," as used in this act, is not a new question. It has been several times before us. There are two cases in 74 *Ga. Rep.*, the case of the *Cotton States Life Insurance Company vs. Edwards*, p. 220, and that of the *Watertown Fire Insurance Company vs. Grehan*, p. 642, in which the meaning of the words, "bad faith," in section 2850 of the code, was fixed, if anything can be fixed by the repeated decisions of this court. This case comes fully within the principle laid down in those decisions; and it is a far more aggravated case, it seems to me, in its circumstances, than either of those two. We think there was evidence, and abundant evidence, to show that there was "bad faith" in withholding this payment, on the part of the company; and that they were liable for the damages and attorneys' fees found against them by this verdict.

As to the demand, the statute does not prescribe any particular form of demand. It does not say whether it shall be in writing, or whether a verbal demand will suffice. It is sufficient, however, in this instance, to remark that the demand was made, after the policy by its terms was due, and before that time repeated requests were made by Mr. Baldwin, acting as agent of Mrs. Hull; that the company recognized him as her agent; that she ratified his acts all the way through; that he used every effort of which he was capable to bring about a solution of this difficulty without a resort to law, even going so far as to promise the company to assist in its investigation of this claim by affording it any information in his power; and

I will state, in passing, that they did not inform him what was the nature of their objections to the payment of the claim. When at length they set them up by way of defence, and attempted to establish them by proof, they utterly failed; and with proper effort, it is apparent that before the expiration of the sixty days from the demand, they could and ought to have ascertained that their alleged defence were utterly frivolous. It does not appear that the company even thought of rejecting or repudiating the demands or of questioning Mr. Baldwin's authority to make them, until after this suit had been actually instituted. The evidence to support the demand is abundant; and we hold that it was a sufficient compliance with the terms of the act of the legislature, as embodied in section 2850 of the code.

3. There were two other questions made in the brief of counsel, which were argued here : one was that there was no allegation and no proof that this foreign insurance company was doing business in the State of Georgia; that the policy was payable at Mobile, Alabama, and that for that reason, the statute in relation to these damages did not apply to it. We have already said that it was sufficiently alleged and sufficiently shown from the face of the policy itself, from the application for it and from divers other sources, that this company was doing business in the State of Georgia. They have not pleaded that they were not doing business in this State and have done nothing to oust the jurisdiction of the court; the statute, by its terms, is positive that a "foreign insurance company doing business in this State," in all cases when a loss occurs, shall be liable to the penalties, provided they act in "bad faith" in withholding payment. That, we think, is a sufficient answer to the last position taken by counsel for the company.

We direct that the judgment of the court below be reversed, that the verdict of the jury stand and judgment be entered thereon in favor of the plaintiff for the several sums found in her favor.

. Judgment reversed.