24680. FIREMEN'S INSURANCE COMPANY *v.* LARSEN.

Decided November 18, 1935.

*Smith, Smith & Bloodworth, Adams & Nelson,* for plaintiff in error.

*C. S. Claxton, C. C. Crockett, W. A. Dampier, W. W. Larsen Jr.,* contra.

Sutton, J. 1. This is an action on a fire insurance policy. Where the plaintiff's building is insured with three insurance companies, each contracting to pay one-third of whatever loss, not in excess of $3000, that is suffered by the insured on account of fire, and where there is a fire and damage to the plaintiff's building, and the defendant denies that the damage thereto is as great as claimed by the plaintiff, but does not deny liability to pay its share of the loss actually sustained by the plaintiff, it was error to permit the plaintiff to introduce testimony that one of the other insurance companies had settled with the plaintiff for its proportion of the loss involved. Admissions or propositions made with a view of compromise, or in settlement, are not admissible for or against either litigant, if there is a failure to adjust and a suit follows. "For a much stronger reason, evidence of a settlement with a third person injured in the same casualty ought to be excluded." *Georgia Ry. & Elec. Co.* v. *Wallace,* 122 *Ga.* 547 (2) (50 S. E. 478) ; *City of Atlanta* v. *Gore,* 47 *Ga. App.* 70, 76 (12) (169 S. E. 776) ; Wigmore on Evidence (1934 Supp., 2d Ed.) § 1061, p. 460. See also Cosmopolitan Fire Ins. Co. *v.* Gingold, 3 Ala. App. 537 (57 So. 266), where it was held that "In an action by the assignee of a claim under a fire insurance policy, evidence as to whether other companies, having policies covering the same property, had paid claims under those policies, is inadmissible."

2. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection

made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Code of 1933, § 81-1009; *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (6) (16 S. E. 49). Where an insurer contested the amount of damage, it was improper on the trial for counsel for the plaintiff to read to the jury from the decision of the Supreme Court in *Camp* v. *Ætna Ins. Co.,* 170 *Ga.* 46 (152 S. E. 41, 68 A. L. R. 1166), a part of the charge of the judge of the Dublin Judicial Circuit to the grand jury, in which the judge criticised and attacked the practice of fire insurance companies in their methods of avoiding the payment of losses. (For a complete statement of these remarks see pages 47 and 48 of the 170th *Ga.*) As above stated, this conduct on the part of counsel for plaintiff was improper, but as a new trial is granted for other reasons, this is not likely to happen on another trial.

3. The verdict and judgment for damages and attorneys' fees were not authorized. "Where the amount of the insurer's liability was substantially less than the amount claimed in the proofs of loss and sued for, a verdict for attorney's fees and damages was unauthorized." *Queen Ins. Co.* v. *Peters,* 10 *Ga. App.* 289 (4) (73 S. E. 536); *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (6) (130 S. E. 378); *Twin City Fire Ins. Co.* v. *Wright,* 46 *Ga. App.* 537, 548 (10) (167 S. E. 891).

It follows that the trial judge erred in overruling defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*