MILLIGAN *et al. v.* MILLIGAN.

No. 18167. SUBMITTED APRIL 13, 1953—DECIDED MAY 12, 1953.

*Stewart & York, H. L. Murphy* and *D. B. Howe,* for plaintiffs in error.

*W. W. Mundy Jr.,* contra.

HEAD, Justice. It is contended by the defendants that the verdict for the cancellation and setting aside of the deed is with-

out evidence to support it. This contention is not sustained by the record. The direct testimony, together with the facts and circumstances appearing therefrom, bring this case squarely within the rule stated by this court in *Stephens* v. *Stephens,* 168 *Ga.* 630, 645 (148 S. E. 522), wherein it was said in part: " 'Fraud may not be presumed, but, being itself subtle, slight circumstances may be sufficient to carry conviction of its existence.' Civil Code (1910), § 4626. This is particularly true in family transactions. *Woodruff* v. *Wilkinson,* 73 *Ga.* 115 (3); *Cowan* v. *Bank of Rockdale,* 159 *Ga.* 123, 125 (125 S. E. 194); *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (5) (129 S. E. 65). It is true that the principle that a conveyance between relatives is to be scanned closely is not applicable until badges of fraud, other than relationship, are proved. *Hicks* v. *Sharp,* 89 *Ga.* 311 (15 S. E. 314)."

There was testimony for the plaintiff that, upon a former separation, the defendant, Mrs. Paris, advised her brother to convey his interest in the property to her, stating at that time, that if he would do so, his wife could not recover it for alimony. In addition to other facts and circumstances developed by the plaintiff's evidence, the jury would have been authorized to draw an inference from the testimony of the two defendants that the deed from the brother to the sister was a fraudulent scheme to defeat the plaintiff's claim for alimony.

The defendant, Milligan, was called for the purpose of cross-examination. His testimony was vague, uncertain, and indefinite on practically every question pertaining to the execution of the deed to his sister, Mrs. Paris, and to the separation of the parties. The defendant, Mrs. Buna Paris, was vague and indefinite as to the payment of the purchase price, and as to the alleged purchase of the property by her. The uncontradicted evidence shows that the plaintiff was in possession of the property, and had been in continuous possession from the date of the separation, with no demands or claims from the defendant, Mrs. Paris, of any interest in the property for some fifteen months after Mrs. Paris alleges that she acquired an undivided one-half interest in it from her brother. The testimony of the defendants, each of whom were called for the purpose of cross-examination, was not consistent with a conveyance of title made

in good faith. *Bridges* v. *Donalson*, 165 *Ga.* 228, 233 (140 S. E. 497); *Wood* v. *Wood*, 166 *Ga.* 519 (3) (143 S. E. 770); *Fields* v. *Marchman*, 179 *Ga.* 613 (176 S. E. 635).

. Ground 1 of the amended motion for new trial assigned as error the admission in evidence of the divorce decree between the plaintiff and her former husband, it being asserted that "said evidence having been objected to then and there by movant, Mrs. Buna Paris." It is not shown what objection was made, or the grounds thereof, and obviously this ground is too incomplete to require any ruling.

Grounds 2 and 3 assigned as error the admission of certain testimony of the plaintiff over the objection by Mrs. Paris that it was "irrelevant and immaterial and prejudicial to her interest." The testimony objected to in ground 2 was in regard to testimony of the defendant, Milligan, on the trial of the alimony case. The testimony objected to in ground 3 was a conversation between the plaintiff and the defendant, Milligan, after their separation, in which he told her, "If I don't beat you out of this house, you will be the first one that I have wanted something out of and didn't get it."

The testimony objected to was relevant in determining the good faith of the defendant, Milligan, in executing the deed to his sister, Mrs. Paris. In the trial of a case wherein it is sought to show that two defendants have acted in concert to defraud the plaintiff, it may be necessary to introduce evidence which shows the bad faith of one of the defendants, although that particular evidence does not show the bad faith of the other defendant. The testimony objected to, connected with other evidence in the case, was sufficient to authorize the jury to find that the two defendants mutually intended to defraud the plaintiff of the property awarded to her as alimony, and it was not erroneous to admit the evidence objected to in these grounds.

In ground 4, error was assigned upon the testimony of the plaintiff with reference to the condition of the defendant, Mrs. Buna Paris, at the time of the separation of the plaintiff and the defendant, Milligan. Counsel for the defendants made a motion for a mistrial. The trial judge ruled out the testimony, and instructed the jury that it was not related to any of the issues in the case and had no bearing upon it.

In ground 5, it is stated that while the defendant, Fred Milligan, was being cross-examined by counsel for the plaintiff, counsel asked the question, "And you had been in jail the week before?" Counsel for the defendants objected on the ground that the question was for the purpose of prejudicing the jury, and asked the court to rebuke counsel for asking the question, and to exclude the testimony. The court ruled out the question and the answer solicited, but refused to rebuke counsel for asking the question, stating that the court could not rebuke counsel for every question objected to by opposing counsel.

Grounds 4 and 5 of the amended motion show no cause for reversal.

Grounds 6, 7, and 8 assigned error on extracts from the charge of the court. In none of the grounds is it contended that the excerpts from the charge were not sound as abstract principles of law. When considered in its entirety, the charge of the court was full, fair, and impartial, and properly submitted the issues.

It follows that it was not error to deny the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*