19342. CIMARRON INSURANCE CO., INC. *v.* PACE *et al.*

Argued May 15, 1956—Decided June 13, 1956.

*Nelson & Nelson, Carl K. Nelson, R. M. Daley,* contra.

Candler, Justice. On March 23, 1955, M. L. Pace and Citizens & Southern Bank of Dublin filed a suit against Cimarron Insurance Company, Inc., and Georgia Insurance & Loan Company, a partnership composed of T. B. Perry and J. M. Fincher. The petition in substance alleges: The defendant Cimarron Insurance Company, Inc., is a nonresident insurance company, and the other defendant is its agent with authority to issue and sell policies of insurance for it in this State. The plaintiff Pace applied to the plaintiff bank for a loan to finance the balance due by him on a described automobile. His application was approved on condition that he purchase a policy of insurance in the amount of $775 covering loss of the automobile by fire, and other specified perils, extending over a period of 18 months, with a standard mortgagee clause in favor of the bank. He ordered

such a policy from the defendant company through its afore-mentioned agent. The order was accepted, and the agent made a written memorandum thereof showing that Pace's automobile was insured for $775 by the defendant company against loss by fire, and other specified perils, for a period of 18 months, with a standard mortgagee clause in favor of the plaintiff bank. The memorandum also recited payment of the premium due therefor. The agent of the defendant company notified the plaintiff bank that Pace's automobile was so insured. The loan which the plaintiff Pace had applied for was then closed. On June 29, 1954, the agent of the defendant company prepared and executed the insurance policy theretofore ordered by the plaintiff Pace, attaching a standard mortgagee clause thereto in favor of the plaintiff bank, but the policy was not then delivered. The insured automobile was completely destroyed by fire on July 12, 1954, through no fault of the plaintiffs or either of them; and its actual cash value, at the time of destruction, was $775. The insurance policy was delivered to the plaintiff bank on August 10, 1954, by the agent of the defendant company; and, on inspection of it, the plaintiff bank learned for the first time that by simple mistake or typographical error its effective date was from July 29, 1954, to January 29, 1956, and not from June 29, 1954, to December 29, 1956, as intended by all of the parties; but, that prior to delivery, the mistake had been corrected by the agent of the defendant company by an endorsement reciting that its effective beginning date was June 29, 1954, and a copy of the endorsement was forwarded to the defendant company by its agent at the time the original was attached to the policy. On August 30, 1954, and within the time required by the policy, the plaintiffs submitted to the defendant company written and verified proof of loss. The proof of loss so furnished was on a standard form and fully complied with all requirements respecting notice of loss. By the terms of the policy, $775 was due and payable to the plaintiffs within 30 days after proof of loss was furnished. On November 22, 1954, and in compliance with the provisions of Code § 56-706, the plaintiffs made a written demand on the defendant company for payment of the aforesaid amount of $775. The defendant company arbitrarily, capriciously, and in bad faith refused to comply with the terms of the policy by pay-

ing the loss sustained by the plaintiffs. Since the defendant company's refusal to pay the insured loss within 60 days after demand therefor was in bad faith, it is liable to the plaintiffs in an amount equal to 25% of $775, or the sum of $193.75 as damages, and also $387.50 as reasonable attorneys' fees incurred in consequence of the defendant company's refusal to pay the insured loss; and there is a prayer that the plaintiffs have judgment against the defendant company for those amounts. The petition also prays for reformation of the policy so as to fix its effective date for the period from June 29, 1954, to December 29, 1955, and for a judgment against the defendant company for $775, the value of the automobile at the time of its destruction and the amount for which it was insured. No defensive pleadings were filed, but on the trial the defendant company made an oral motion to strike from the petition all allegations respecting damages and attorneys' fees on the ground that the facts alleged in the petition were insufficient to show that its refusal to pay the amount of insurance claimed by the plaintiffs was in bad faith. The motion was denied, and there is an exception to the ruling. As against the defendant company, the jury found in favor of the plaintiffs for $300 attorneys' fees and for all other relief sought. The defendant company filed a motion for new trial on the usual general grounds, and it was set for hearing on September 22, 1955, in vacation, and movant was given permission to prepare and present for approval a brief of the evidence at the final hearing of its motion, whenever it might be. Because of movant's failure to prepare and present a brief of the evidence, the hearing was continued five times. When it was so continued on November 22, 1955, to December 1, 1955, counsel for movant agreed in open court that, if he should fail to have a brief of the evidence prepared by December 1, 1955, he would voluntarily dismiss the motion or permit opposing counsel to do so without objection. On December 1, 1955, counsel for movant did not have the brief prepared; but, by order consented to by counsel for the parties, the hearing was again continued to December 15, 1955. During the afternoon of December 14, 1955, counsel for movant notified opposing counsel in writing that he would at 9:30 on the following morning and at a designated place, present to the trial judge for approval a stenographic report of the trial, with immaterial

questions and answers and parts thereof stricken, in lieu of a brief of evidence. Opposing counsel appeared before the trial judge at the time and place fixed by the notice. At that time counsel for movant presented what he represented to be a stenographic report of the trial in question and answer form. The judge refused to approve it, giving as his reason therefor that counsel for the respondents had not been given sufficient notice of the time of its presentation and that it was not a correct or proper brief of the evidence. To this ruling there is an exception. On motion therefor by counsel for the respondents, the motion for new trial was dismissed as of December 1, 1955. Movant also excepted to this judgment.

■ In addition to suing for the amount agreed to be paid if the insured automobile was destroyed by fire, the petition also alleges that the defendant company, in refusing to pay the insured's loss in accordance with the terms of the policy, had acted in bad faith, and by reason thereof petitioners had been compelled to employ counsel to enforce their rights in the premises; and, as shown by our statement of the case, they also sued for damages and attorneys' fees on account of the defendant company's bad faith in refusing after demand to pay the insured loss. By Code § 56-706 it is declared: "The several insurance companies of this State and foreign insurance companies doing business in this State in all cases when a loss shall occur and they shall refuse to pay the same within 60 days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." The effort to collect damages and attorney's fees in this case was based on the foregoing statute. An oral motion to strike all allegations respecting damages and attorneys' fees was interposed by the defendant company, on the ground that the facts alleged in the petition were insufficient to show that its refusal to pay the amount of insurance claimed by the petitioners was in bad faith. The motion was denied, and we think properly so. Bad faith within the

meaning of the statute is any frivolous or unfounded refusal in law or in fact to pay a loss according to the insurance contract after legal demand. *Metropolitan Life Ins. Co. v. Lovett*, 50 *Ga. App.* 763, 768 (179 S. E. 253). According to the allegations of the petition, the requirements imposed on the petitioners by Code § 56-706 were strictly complied with; and the allegations of the petition respecting the defendant company's bad faith in refusing to pay the insured's loss within sixty days after demand therefor were amply sufficient to carry the question of damages and attorneys' fees to the jury for determination. See *Rogers* v. *American Nat. Ins. Co.*, 145 *Ga.* 570 (3) (89 S. E. 700); *Metropolitan Life Ins. Co.* v. *Lathan*, 77 *Ga. App.* 6, 9 (47 S. E. 2d 596).

Respecting motions for new trial, section 19 of an act which the legislature passed in 1946 (Code, Ann. Supp., § 24-3364; Ga. L. 1946, pp. 726, 744) in part provides: "Before presenting a brief of the testimony to the court for approval, the attorney whose duty it is to prepare it shall give written notice to the opposite party or his attorney of record of his intention to present the brief of the testimony to the trial court for approval at a certain time and place. No such brief of the testimony shall be approved by the trial court unless the opposite party or his attorney of record shall have been given such written notice, or shall, in writing, have waived such notice." As to the length of time such notice must be given before presentation of the brief of evidence for approval, the statute is completely silent. Here, as the record shows, it was given in writing on the day before the stenographic report of the trial was presented, and counsel for respondents were present at the time and place of such presentation. Hence, we hold that the notice given in this case sufficiently complied with the statute. See *Campbell* v. *Allen*, 208 *Ga.* 274 (1) (66 S. E. 2d 226).

In motions for new trial where a brief of the evidence is necessary, the stenographic report of the trial, with immaterial questions and answers and parts thereof stricken, may be used in place of a brief of the evidence. Code (Ann. Supp.) § 70-305 (Ga. L. 1953, Nov. Sess., pp. 440-446). In this case, and in lieu of a brief of the evidence, counsel for movant presented to the trial judge for approval a stenographic report of the trial with all immaterial questions and answers and parts thereof eliminated.

The judge in his order refusing to approve it said that it was neither correct nor a proper brief of the evidence. Error is assigned on this order in the bill of exceptions, and in *Central R. Co.* v. *Miller*, 91 *Ga.* 83 (16 S. E. 256), it was held: "When the question is duly presented by writ of error, the Supreme Court can affirm or reverse a decision approving or refusing to approve a brief of evidence." According to the official court reporter's transscript of the trial, which was on October 4, 1955, approved by the trial judge as being true and correct, and which was by order of the court filed as a part of the record, the stenographic report which movant's counsel presented in lieu of a brief of the evidence correctly sets forth the evidence which the parties introduced on the trial; and, since it does not contain immaterial questions and answers or other objectionable matter, the trial judge erred in refusing to approve it.

■ Since the court erred in refusing to approve the stenographic report of the trial with immaterial questions and answers and parts thereof stricken, which was presented by the movant in lieu of a brief of the evidence, subsequent action taken by him on the motion for new trial was nugatory.

*Judgment affirmed in part and reversed in part. All the Justices concur.*