36371. GREAT AMERICAN INDEMNITY CO. *v.* KENNEDY.

Decided November 16, 1956.

Fred T. Lanier, Robert S. Lanier, for plaintiff in error.

W. G. Neville, Wm. J. Neville, contra.

GARDNER, P. J. ■ There is sufficient evidence to show that the defendant was put on notice of the claim; that the insured bus was destroyed by fire and that the claim was not paid. The evidence amply sustains the verdict. The general grounds do not show cause for reversal.

■ Special ground 1 assigns error because the court refused to grant a nonsuit. As to the denial of the motion for a nonsuit, it is well settled in this State that such is not error. In *Brannen* v. *Bowen*, 81 *Ga. App.* 430, 431 (59 S. E. 2d 7), it is stated: "It is well settled in this State that 'An exception based upon the refusal of the court to award a nonsuit will not be considered, where subsequently thereto the case is submitted to the jury, and after verdict being for the plaintiff a motion for a new trial is made which presents the complaint that the verdict is contrary to the evidence and without evidence to support it.' *Foremost Dairy Products Inc.* v. *Sawyer*, 185 *Ga.* 702, 716 (196 S. E. 436). See also *Harry Sommers Inc.* v. *Dickey*, 41 *Ga. App.* 286 (1) (152 S. E. 590); *Hall* v. *Smith*, 41 *Ga. App.* 564 (1) (153 S. E. 778); *First National Bank of Milledgeville* v. *Roberson*, 53 *Ga. App.* 142, 144 (184 S. E. 887); *Dixon* v. *Evans*, 56 *Ga. App.* 583 (3) (193 S. E. 470); *Atlantic Coast Line R. Co.* v. *Sperry Flour Co.*, 63 *Ga. App.* 611, 614 (11 S. E. 2d 809). The motion for nonsuit is, therefore, not considered, since the protestant, in his motion for new trial assigns error, 'Because the verdict is . . . without evidence to support it.'" See also *Atlantic Coast Line R. Co.* v. *Singletary*, 80 *Ga. App.* 297 (55 S. E. 2d 827). This court said in *Hanover Fire Ins. Co.* v. *Elrod*, 91 *Ga. App.* 403 (1) (85 S. E. 2d 821): "An assignment of error on a refusal to award a nonsuit will not be considered when, after such refusal, a motion for new trial is made, one ground of which complains that the verdict is contrary to the evidence and without evidence to support it." The court did not err in failing and refusing to grant a nonsuit.

■ Special grounds 2, 3, and 4. Special ground 2 assigns error on the following excerpt from the charge of the court: "The defendant comes into court and denies its liability, because no proof of claim as required by the company was filed with the company within the period of sixty days as prescribed by the policy. The plaintiff denies that and says as I have just told you, that he not only gave notice to the local agent but he met the agent of the adjustment concern in Sylvania, and did file proof of loss with him over there." It is contended that this excerpt was erroneous in that the court stated that the plaintiff had testified that he filed proof of loss with an agent of the Adjustment Bureau concerned, when as a matter of fact no such statement was made by the plaintiff, and further that such charge unintentionally expressed an opinion as to what the plaintiff had testified and stated, which had been specifically denied by the defendant.

Special ground 3 assigns error because the court charged the jury as follows: "I charge you further, waiver of objection to the sufficiency in the proof results where objections are not offered within a reasonable time." It is contended that this excerpt is erroneous for the reason that it is not applicable to the evidence and was calculated to lead the jury to believe that the court thought that proof of loss had been filed, whereas the contrary was true.

Special ground 4 assigns error on the following excerpt from the charge of the court: "The main question in this case hinges upon the proof of the loss that the defendant in this case says has never been submitted to it." It is contended that this excerpt was erroneous for the reason that it, in effect, instructed the jury to find a verdict in favor of the plaintiff if they found that proof of loss had been filed, regardless of other contentions of the defendant, and that the jury were thus instructed to return a verdict in favor of the plaintiff regardless of whether or not he abandoned the bus and regardless of whether or not he filed proof of loss in writing. These three special grounds are so interrelated and so close to the main issue, as set out in the general grounds, that we are grouping special grounds 2, 3, and 4 together, and rule on them together. The charge of the court went into the matter of proof of loss extensively and the three excerpts covered in these grounds, when considered in view of the whole charge of the court, do not show reversible error.

In special grounds 5 and 6 the defendant complains that the trial court approved a brief of evidence and report of rulings containing extraneous material. These are not proper matters for complaint in a motion for new trial.

As to attorney's fees, it is our opinion that under the record of this case attorney's fees are not recoverable. The suit was originally for $2,850 principal, less the salvage value of the bus. During the proceedings a stipulation was made. The record is not clear when and why a stipulation was made. However, the judge, in his charge to the jury, stated that it had been stipulated by counsel for the parties that the value of the bus was agreed to be between $1,600 and $1,800 less $150 salvage of the bus, thus leaving the value of the bus at $1,450 to $1,650. It is the law, as we understand it, that when the amount of the original action is reduced to a lower amount, attorney's fees are not recoverable. In *Fireman's Ins. Co.* v. *Larsen*, 52 *Ga. App.* 140 (3) (182 S. E. 677), this court said: "A verdict for damages and attorney's fees is not authorized where the liability is less than the amount claimed in the proofs of loss and in the action." It follows that the judgment signed by the court should be reduced by the amount of the attorney's fees allowed. If the attorney's fees are deducted from the judgment before or at the time the remittitur is returned to the trial court, the judgment is affirmed, otherwise reversed.

*Judgment affirmed on condition. Townsend and Carlisle, JJ., concur.*