41838. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. BONEY.

EBERHARDT, Judge. 1. Where the verdict in a suit on an insurance policy is for substantially less than the amount claimed in the proof of loss and less than the amount demanded in the petition, no recovery for damages and attorney's fees is authorized. *Southern Mut. Ins. Co. v. Turnley*, 100 Ga. 296 (27 SE 975); *Love v. National Liberty Ins. Co.*, 157 Ga. 259, 271 (121 SE 648); *Queen Ins. Co. v. Peters*, 10 Ga. App. 289 (4) (73 SE 536); *Atlanta Life Ins. Co. v. Jackson*, 34 Ga. App. 555 (6) (130 SE 378); *Twin City Fire Ins. Co. v. Wright*, 46 Ga. App. 537, 548 (167 SE 891); *Firemen's Ins. Co. v. Larsen*, 52 Ga. App. 140, 142 (182 SE 677); *Simonton Constr. Co. v. Pope*, 95 Ga. App. 211, 217 (97 SE2d 590), reversed on other grounds in 213 Ga. 360 (99 SE2d 216); *Crump v. Ojay Spread Co.*, 87 Ga. App. 250, 252 (73 SE2d 331); *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746 (3) (125 SE2d 709). Under these decisions the verdict is substantially less where the proof of loss was for $2,350, suit was brought to recover $1,400 and the verdict returned was for $1,000. Cf. *First Nat. Ins. Co. of America v. Thain*, 110 Ga. App. 603 (139 SE2d 447).

2. Where, after unsuccessful negotiations to settle the claim the

insurer requested the insured to appoint an appraiser and before any appraiser was appointed learned from the insured that he had disposed of the car, but the insured declined to inform the insurer as to whom he had sold the car or where it might be found for the purpose of having an appraisal made, the insurer was under no duty to proceed further with the proposed appraisal. This is particularly true where, upon discovering the location of the car it appeared that repairs had already been made and it was not in the same condition so that appraisers might make an intelligent appraisal of the loss, for the law does not require the doing of a vain or useless thing. *Irvin v. Locke*, 200 Ga. 675, 679 (38 SE2d 289); *Johnson v. State*, 215 Ga. 839 (5) (114 SE2d 35). Moreover, the question of bad faith or of good faith must be determined upon the case as made at the trial. *Interstate Life & Acc. Ins. Co. v. Williamson*, 220 Ga. 323 (138 SE2d 668).

3. Where the insurer disagreed with the insured as to the amount of his damage, offering to pay a sum which, in the light of the facts available to it and of proposals from reputable people engaged in the repairing of automobiles, it deemed to be fair and reasonable as damages for the loss sustained and the insured declined the offer, insisting upon the payment of a sum substantially in excess of the amount offered, the matter thus reaching a stalemate, a recovery of damages and attorney's fees because of delay in making settlement was not authorized.

Where there is a reasonable basis for so doing, an insurer is entitled to maintain and defend its position as to the amount of its liability without the imposition of penalty and attorney's fees, even if doing so results in considerable delay in bringing the matter to a conclusion. "Any rule or principle which would deny to the company the right of full and free litigation" on the question of its liability or of the amount thereof, is wrong. *Travelers Ins. Co. v. Sheppard*, 85 Ga. 751, 815 (12 SE 18). To authorize imposition of the penalty and attorney's fees it must appear that the basis of the company's position as to the amount of liability was frivolous and unfounded, and that does not appear here. *Life Ins. Co. of Ga. v. Burke*, 219 Ga. 214, 219 (132 SE2d 737); *Royal Ins. Co. v. Cohen*, 105 Ga. App. 746 (3), supra.

*Judgment affirmed, with direction that the award of damages*

*and attorney's fees be written off.* As to the taxing of costs see *Royal Ins. Co. v. Cohen, 105 Ga. App. 746 (6), supra.* Bell, P. J., and Jordan, J., concur.

ARGUED MARCH 9, 1966—DECIDED APRIL 5, 1966.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for appellant.
*Archibald A. Farrar,* for appellee.