41996, 41997.  U. S. FIDELITY & GUARANTY COMPANY et al. v. BIDDY LUMBER COMPANY, INC. et al.; and vice versa.

Argued May 4, 1966—Decided September 14, 1966—
Rehearing denied September 28, 1966—

*Memory, Barnes & Memory, S. F. Memory, Jr.,* for appellants.
*Helms & Dismukes, Jack J. Helms,* for appellees.

BELL, Presiding Judge. 1. . "The recovery provided in the Civil Code, § 2549 [*Code Ann.* § 56-1206] is a penalty. Penalties and forfeitures are not favored. The right to such recovery must be clearly shown." *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 271 (121 SE 648). Since the provision for damages and attorney's fees is in the nature of a penalty, it must be strictly construed, and in order for these items of recovery to be authorized, it must first appear that the company acted in bad faith in refusing to pay the claim. As used in *Code Ann.* § 56-1206, the term "bad faith" means any refusal which is frivolous and unfounded in law or in fact, to comply with the demand of the policyholder to pay according to the terms of the policy. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214, 219 (132 SE2d 737) and citations. "The faith of the insurer should be judged by the case made at the trial and not by preliminary proof, and a defense on the trial showing a reasonable and probable cause for refusing to pay would vindicate the faith of the insurer as effectually as would a complete defense to the action." *Interstate Life &c. Co. v. Williamson,* 220 Ga. 323, 326 (138 SE2d 668); *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751, 755 (12 SE 18). If there is evidence on the trial of the case which would authorize a verdict in accordance with the defendants' contentions, a finding of bad faith is not authorized. *First Nat. Ins. Co. v. Thain,* 110 Ga. App. 603, 606 (139 SE2d 447); *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 246 (136 SE2d 1); *American Cas. Co. v. Seckinger,* 108. Ga. App. 262 (5) (132 SE2d 794); *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709). Approximately 60 days after plaintiff had filed with the defendants proofs of loss claiming the maximum amount payable under each policy, each of the defendants notified plaintiff that the proof of loss was not acceptable to the company. Later, an insurance adjuster representing all the de-

fendants advised plaintiff's attorney that he would recommend to the defendants that they offer plaintiff a certain sum in settlement of his claims. The attorney's reply was that his client "was in no mood to compromise his claim" and had instructed the attorney to file suits on the policies immediately. Plaintiff thus made it clear that he would not accept in payment of his claims a sum less than $32,000, the full amount of coverage provided. The defendants' witness Roy Martin testified on the trial that in his opinion the plaintiff's loss amounted to only $20,600, rather than a sum in excess of $40,000 as claimed by plaintiff. As the outlined evidence would have authorized a verdict in accordance with defendants' contentions, the finding of bad faith and the award of a penalty and attorney's fees cannot stand.

2. Plaintiff's contention, on cross appeal, that the trial court erred in admitting into evidence the opinion testimony of the witness Martin, a qualified electrical engineer who had considerable experience with much of the type of equipment used in plaintiff's planing mill and who had made a detailed investigation of replacement cost of the component parts of the mill, is without merit.

The judgment will be affirmed on the main appeal with direction that the sum of $800 penalty for bad faith and the additional sum of $1,000 attorney's fees, found by the jury against each defendant, be written off.

*Judgment affirmed with direction on the main appeal; judgment affirmed on the cross appeal. Jordan and Eberhardt, JJ., concur.*