## 46553. SMITH et al. v. SMITH et al.

HALL, Presiding Judge. Defendants in consolidated personal injury actions appeal from the judgments and from the denial of their motion for new trial.

Plaintiffs are husband and wife and were tenants of the defendants. The wife testified that as she was descending the back steps (which were made of concrete blocks), the bottom slab suddenly pulled loose, her heel slid and caught in a hole on the step, and she fell. Her husband testified that he inspected the step the same day and saw a freshly cracked mortar joint which had not been there before. He also said that he had notified the defendants of the hole in the step at least twice—about 6 months and one month prior to the fall—but they had failed to make repairs. Defendants denied receiving this notice and said that the only time they had received a complaint about defective steps was well over a year previously, that it was the front steps, and that they had repaired them.

1. Although conflicting, the evidence was sufficient to authorize the verdict.

2. Defendants contend the verdict was contrary to law since they had no duty of inspection; that admittedly no notice was given concerning the loose block which would give rise to a duty to repair that particular defect; and that since plaintiff's wife had full knowledge of the hole in the step, she should have, in the exercise of ordinary care, avoided that defective part of the premises.

While all these propositions may be correct standing alone, there is also authority that once a landlord is given notice of a patent defect, he is liable for any other latent defect which inspection would have revealed if he had undertaken repairs. *Canfield v. Howard,* 109 Ga. App. 566 (136 SE2d 431); *Simon v. Simmons,* 36 Ga. App. 518 (137 SE 282). Further, knowledge of a defect does not make a person contributorily negligent, as a matter of law, unless there is also knowledge of danger inherent in the defect. *Carmack v. Oglethorpe Co.,* 114 Ga. App. 512

(151 SE2d 799); *Garner v. LaMarr,* 88 Ga. App. 364 (76 SE2d 721); *Wolbe v. Jossey,* 42 Ga. App. 612 (157 SE 233). The evidence here authorized a finding according to these principles.

3. Defendants contend the court erred in admitting certain photographs of the steps because they were taken after the fall. This contention is without merit. Several witnesses, as well as the plaintiffs, testified that the photographs correctly represented the condition of the steps on the date of the fall. They were therefore properly admitted to illustrate this condition.

4. Several of defendants' enumerations of error deal with the injection of the issue of insurance. Since the record reveals that defendants themselves first raised this subject by an attempt to show that plaintiff-wife had signed a statement with an adjuster (which they later introduced), they cannot complain that the topic was pursued further by plaintiffs' counsel in an attempt to explain it.

5. Several other enumerations deal with the refusal of the court to admit a variety of evidence concerning the status of plaintiffs' rent payments and a purported eviction attempt. They contend it would show a bad "state of feelings" on the part of plaintiffs toward them. While "state of feelings" toward a party may be proved by direct testimony (similar to "reputation"), it may not be shown by particular acts or transactions. *Eugee v. State,* 159 Ga. 604 (126 SE 471); *Durham v. Durham,* 156 Ga. 454 (119 SE 702).

6. Defendants contend the court erred in allowing plaintiff-husband to testify about the condition of the step before and after the fall, and to offer his opinion that it had pulled loose when his wife stepped on it. Defendants claim this is speculative guesswork and a conclusion. However, not only was the objection below made on completely different grounds, but the testimony would be admissible in any event as a statement of opinion or impression, based upon observed facts, which might be of some assistance to the jury. *Atlantic C. L. R. Co. v.*

*Smith,* 107 Ga. App. 384 (130 SE2d 355); *Code* § 38-1708.

7. They contend the court erred in allowing plaintiffs' medical expert to testify that plaintiff-wife had complained of a burning pain in her arm (which then caused him to take spinal x-rays). However, testimony to the same effect was given without objection several other times during the examination of this witness and the testimony of defendants' medical expert was replete with references to her complaints. Although erroneous, the admission of this particular testimony does not require a reversal. *Sapp v. Callaway,* 208 Ga. 805 (69 SE2d 734).

8. Defendants contend the court improperly refused to admit a series of x-rays (taken at times prior to the fall in issue and bearing the name Betty Jean Smith) as they were properly identified by their custodian as business records of the hospital. While x-rays may be admitted under the business records statute as an exception to the hearsay rule, they must, like any other evidence, be germane to the issue tried. The x-rays here prove only that some person or persons named Betty Jean Smith had x-rays made of various parts of the body at various times prior to the date of plaintiff-wife's fall. Without more foundation, it would strain the most liberal concept of relevance to say they should have been admitted. The court did not err.

9. All of the enumerations dealing with the refusal to give requested charges are without merit. The court gave correct charges on the law in substantially the same language as those requested which were correct statements of law or supported by evidence. *Hardwick v. Price,* 114 Ga. App. 817 (152 SE2d 905).

10. All other enumerations are without merit.

*Judgment affirmed. Eberhardt and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1971—DECIDED JANUARY 6, 1972.

*Frank M. Gleason,* for appellants.
*John W. Love, Jr.,* for appellees.