## 47057. BOSTON-OLD COLONY INSURANCE COMPANY v. WARR.

HALL, Presiding Judge. In an action to collect on an automobile collision insurance policy, the defendant appeals from the award of interest, penalty and attorneys' fees.

The plaintiff had purchased a new 1969 Cadillac on June 30, 1969. It was damaged in a collision on August 12, 1969, at which time it had been driven 2,604 miles. He made a claim on his insurance carrier in October for the value of a new automobile. The defendant inspected the damaged car and tendered a draft for the estimated repair cost which was several thousand dollars less than the cost of replacement. The plaintiff refused the tender and brought this action for an amount which was the list price of a new 1970 Cadillac, minus the amount he had received for his damaged car, minus the $50 deductible of his policy. The jury returned a verdict for a sum close to the plaintiff's claim, plus interest from the date of the occurrence, a 12% penalty and $1,000 for attorneys' fees.

1. The defendant contends that the interest, if allowable at all, should only begin on the date of the verdict as the amount was not liquidated until then. However, when an insurance company admits liability in some amount, interest may be had on that amount from the date of the admission of liability. *Fireman's Ins. Co. v. Oliver*, 53 Ga. App. 638 (186 SE 706). Accordingly, the plaintiff here would be entitled to interest on the $2,208.10 tendered by the defendant, from November 10, 1969. That part of the judgment representing interest is affirmed with direction that all interest recovered in excess of the amount authorized above be written off.

2. The court erred in authorizing the jury to award a penalty and attorneys' fees for bad faith refusal to pay. The evidence on the extent of damages was conflicting and did not demand a finding for the plaintiff.

"It is elementary that, 'If the evidence is such that a finding in accordance with the contentions of the defendant

would have been authorized, a finding of bad faith is not authorized. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746, 747 (125 SE2d 709).' *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 863 (149 SE2d 864); *American Cas. Co. v. Seckinger,* 108 Ga. App. 262 (132 SE2d 794); *Lincoln Life Ins. Co. of Georgia v. Anderson,* 109 Ga. App. 238 (3) (136 SE2d 1); *U. S. Fidel. &c. Co. v. Biddy Lumber Co.,* 114 Ga. App. 358, 359 (151 SE2d 466); *U. S. Fire Ins. Co. v. Tuck,* 115 Ga. App. 562, 574 (155 SE2d 431). If there is any reasonable ground for contesting the claim there is no bad faith and it is error to award penalty and attorney's fees. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823, 828 (136 SE2d 351)." *Home Indemnity Co. v. Godley,* 122 Ga. App. 356, 363 (177 SE2d 105), cert. den. 122 Ga. App. 905.

We therefore direct that the penalty and attorneys' fees be written off.

*Judgment affirmed with direction. Bell, C. J., Eberhardt, P. J., Deen, Clark and Stolz, JJ., concur. Pannell, J., concurs in the judgment. Quillian and Evans, JJ., dissent.*

SUBMITTED APRIL 7, 1972—DECIDED SEPTEMBER 20, 1972— REHEARING DENIED OCTOBER 19, 1972—

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.

*Allgood & Childs, Thomas F. Allgood,* for appellee.

QUILLIAN, Judge, dissenting. There was evidence that the plaintiff received an offer in the amount of $2,208.10 from the appellant on or about December 3, 1969, in settlement of the damage to his automobile. The evidence further shows that he contacted the appellant on December 3, 1969, and rejected the offer of settlement. The claims adjuster for the appellant testified that the amount offered the plaintiff was approximately $400 or $500 less than the amount to which the plaintiff was entitled. She stated that the reason for the error was that she did not know that the plaintiff

was entitled to depreciation of the automobile.

Thus, there would be a question for the jury whether the offer of payment by the appellant was so inadequate as to amount to an absolute refusal to pay and if so, whether there was bad faith in such refusal. *Firemen's Ins. Co. v. Allmond,* 105 Ga. App. 763, 767 (125 SE2d 545). If the jury determined that there was an absolute refusal to pay (or what was tantamount to a refusal to pay) this would constitute a waiver of any further demand for payment. *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236).

In my opinion, there was sufficient evidence, though in conflict, to authorize the jury to return a verdict for interest, penalty and attorney's fees.

I am authorized to state that Judge Evans concurs in this dissent.

EVANS, Judge, dissenting. I am in favor of affirming the award as to attorney's fees and penalty for bad faith, and therefore dissent from Division 2 of the majority opinion, which opinion argues that "if the evidence is such that a finding in accordance with the contentions of the defendant would have been authorized, a finding of bad faith is not authorized." This, in effect, nullifies and renders meaningless the provision for attorney's fees and penalty as set forth in *Code Ann.* § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712). It would be a great service to the lawyers of Georgia if this court would set forth some of the instances in which penalty and attorney's fees for bad faith *will be upheld.* It appears to me that it is practically impossible to recover attorney's fees and penalty under this statute, with any real hope of having this court affirm same. If it is true that the lawyers of Georgia have no real chance of collecting attorney's fees and penalty under *Code Ann.* § 56-1206, then I believe it would be best to so announce, and let them go to the General Assembly for relief, by amending this statute to make the law really mean what it says.