48702. INTERSTATE LIFE & ACCIDENT INSURANCE
COMPANY v. BROWN.
48703. INTERSTATE LIFE & ACCIDENT INSURANCE
COMPANY v. HUTCHINGS.

HALL, Presiding Judge. Interstate Life & Accident Insurance Company (hereinafter, "the company") appeals from an adverse jury verdict in a suit for double indemnity death benefits. Brown and Hutchings, plaintiffs-appellees, were beneficiaries under two policies issued by the company to one John Grady. Upon his death the company paid basic death benefits, but refused the double indemnity benefit. In their suit against the company, appellees sought and were awarded by the jury attorney fees for bad faith refusal to pay, in addition to the policy benefit payable for death "through external, violent, and accidental means. . ." The company appealed.

1. The question here is whether the plaintiffs have carried their burden of proving that death occurred "through external, violent, and accidental means" under the circumstantial evidence rule. "Where a plaintiff in a civil case supports his case solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied on. There must be more than a 'scintilla' of circumstances to carry the case to the jury. It is for the court to say whether the circumstances reasonably establish the hypothesis relied on by the plaintiff. If the evidence meets this test, it is then for the jury to say, either that the plaintiff has not carried his burden of proof because the evidence equally supports his hypothesis and some other reasonable hypothesis, or that the plaintiff has carried his burden of proof in that the evidence preponderates to his hypothesis as against all other reasonable but less probable hypotheses." *McCarty v. National Life &c. Ins., Co.,* 107 Ga. App. 178 (2) (129 SE2d 408). Accord, *Old Colony Ins. Co. v. Dressel,* 220 Ga. 354, 358 (138 SE2d 886); *Pippin v. Mutual Life Ins. Co.,* 108 Ga. App. 741, 750 (134 SE2d 446). See also *Continental Cas. Co. v. Rucker,* 50 Ga. App. 694 (179 SE 269).

The trial evidence showed that Grady appeared to be in good health; on July 4, 1970 he was incarcerated in the Atlanta City Jail on "drunk" charges; he did not appear intoxicated to a witness; he was sitting on the end of a wooden bench two or three feet high; he began to "doze" or to drop off to sleep; no one

touched him; he fell sideways off the end of the bench to the left, hitting his head on the concrete floor; his head began to bleed profusely, "squirting" so that the exact site of the injury could not be seen; he began to shake somewhat as if he were trying to get up; he did not get up; he was quickly removed and taken to the hospital but was dead on arrival there; no autopsy was performed; the death certificate recited as the cause of death "sudden death; cause, non-violent but otherwise undetermined"; the medical examiner who completed the death certificate died before trial.

The evidence supports the verdict and the trial court did not err in denying defendant's motion for a judgment n.o.v. or its motion for a new trial on this ground.

2. Assuming without deciding that the admission of the doctor's testimony as to the cause of death was error, it was harmless because his similar testimony is found in other parts of the transcript without objection. *Smith v. Smith,* 125 Ga. App. 257 (7) (187 SE2d 330); *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (6) (187 SE2d 327).

3. The court erred in authorizing the jury to award attorney fees for bad faith refusal to pay. The evidence was circumstantial and did not demand a finding for the plaintiff. *Boston-Old Colony Ins. Co. v. Warr,* 127 Ga. App. 364 (2) (193 SE2d 624); *Home Indemnity Co. v. Godley,* 122 Ga. App. 356, 363 (177 SE2d 105). Though the evidence indicated that Grady could have died from a blow to the head, nonetheless *the reason for his falling off the bench* prior to suffering the blow remains unexplained.

We therefore direct that the attorney fees be written off.

*Judgments affirmed with direction. Bell C. J., Quillian, Clark and Stolz, JJ., concur. Deen, J., concurs in Divisions 1 and 2 and in the judgment. Eberhardt, P. J., concurs in Divisions 2 and 3 and in the judgment. Pannell, J., concurs in Division 2 and in the judgment. Evans, J., concurs in Divisions 1 and 2 and dissents from Division 3.*

ARGUED OCTOBER 4, 1973 — DECIDED JANUARY 9, 1974 — REHEARING DENIED FEBRUARY 12, 1974.

*Anderson, Walker & Reichert, John W. Collier,* for appellant.
*J. Sewell Elliott,* for appellees.

EVANS, Judge, dissenting in part. I dissent from Division 3 of the majority opinion, which overturns the jury's verdict as to attorney

fees. And what reason does the majority give for this finding? It states that: "The evidence was circumstantial *and did not demand a finding for the plaintiff."* (Emphasis supplied.) Hn. 3. In other words, *unless the plaintiff was entitled to a directed verdict on the main issue,* there could be no legal finding in his favor as to bad faith of the insurance company, whereby penalty and attorney fees might be awarded.

The majority opinion finds support for its position in numerous recent decisions of this court, such as *Home Indemnity Co. v. Godley,* 122 Ga. App. 356, 363 (177 SE2d 105), and *Boston-Old Colony Ins. Co. v. Warr,* 127 Ga. App. 364 (2) (193 SE2d 624), which cases are cited in the present majority opinion.

The law which requires an insurance company to pay attorney fees and penalty if it acts in bad faith in refusing to pay a claim of its insured has been on the statute books for more than one hundred years. See Ga. L. 1872, p. 43. This same law exists in comparable form today, and is known as Code Ann. § 56-1206 (Insurance Code of 1960; Ga. L. 1960, pp. 289, 502; 1962, p. 712). This law seems plain and unambiguous so that interpretation by the courts is unnecessary. The first sentence reads as follows: "In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 25 per cent. of the liability of the insurer for the loss and all reasonable attorney's fees for the prosecution of the case against the insurer." This court has construed the statute contrary to all statutes as to evidence and as to burden of proof, and as to how a fact may be proven in the courts of this state. It is much easier to convict one of murder than to convict an insurance company of bad faith under the rulings of this court. In a murder case, a defendant must be proven guilty beyond a reasonable doubt. But in an insurance case, "bad faith" must not only be proven beyond all reasonable doubt, it must be proven so that the plaintiff is entitled to a directed verdict, and if any one witness (any employee of the insurance company) testifies in favor of the insurer on that issue, his testimony rubs out the testimony of a host of witnesses testifying on plaintiff's side (see *Home Indemnity Co. v. Godley,* 122 Ga. App. 356, 363, supra), and no legal verdict for bad faith can be returned. In a murder case, the defendant may be convicted no matter how many witnesses testify that he did not commit the

crime. Why should it be easier to convict a murderer than to prove bad faith against an insurance company?

This court has held that no verdict for bad faith (penalty and attorney fees) can be rendered in any one of the following situations:

"1. If the insurance company has 'reasonable grounds' to defend the suit. *Royal Ins. Co. v. Cohen,* 105 Ga. App. 746 (3) (125 SE2d 709).

"2. If the evidence authorized a finding for defendant, although the jury did not accept defendant's version, and rendered a verdict against that version and in plaintiff's favor. *Old Colony Ins. Co. v. Dressel,* 109 Ga. App. 465 (3) (136 SE2d 525).

"3. If there was 'reasonable and probable cause' for denying plaintiff's claim. *Ga. Farm Bureau Mut. Ins. Co. v. Boney,* 113 Ga. App. 459 (3) (148 SE2d 457).

"4. If there is a bona fide dispute between claimant and his insurer as to the amount of the loss. *Ga. Farm Bureau Mut. Ins. Co. v. Boney,* supra.

"5. If the interpretation of the policy presents a close question (even though the insurer's lawyers wrote the policy, studied it and should know it forward and backward, and even though all ambiguities must be construed most strongly against the insurer.) *U. S. Fidel. &c. Co. v. Woodward,* 118 Ga. App. 591 (2) (164 SE2d 878).

"6. If the case presents a question of law that is intricate and difficult. *Fireman's Fund Ins. Co. v. Standridge,* 103 Ga. App. 442 (5) (119 SE2d 585).

"7. If some particular provision of the policy has not been heretofore construed by the Georgia courts. *Life Ins. Co. of Ga. v. Burke,* 219 Ga. 214 (1) (132 SE2d 737).

"8. If the insurer's refusal to pay is not both 'frivolous *and* unfounded.' *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454). (Formerly the language was 'frivolous *or* unfounded.' *Cimarron Ins. Co. v. Pace,* 212 Ga. 427, 431 (93 SE2d 593); *Metropolitan Life Ins. Co. v. Lovett,* 50 Ga. App. 763, 768 (179 SE 253); *Amercian Nat. Ins. Co. v. Holbert,* 50 Ga. App. 527, 528 (179 SE 219).

"9. If the plaintiff does not recover every penny that he sues for (even though the insurance company denies any indebtedness whatever). See *Great American Indem. Co. v. Kennedy,* 94 Ga. App. 567, 570 (95 SE2d 742); *Firemen's Ins. Co.. v. Larsen,* 52 Ga. App. 140 (3) (182 SE 677)." *State Farm &c. Ins. Co. v. Harper,* 125 Ga.

App. 696, 702 (188 SE2d 813).

The foregoing are some, but by no means all, of the conditions that have been engrafted onto Code Ann. § 56-1206 by judicial construction and interpretation, the effect of which is to allow an almost complete escape by insurance companies of the payment of penalty and attorney fees. I am in favor of overruling all of those cases above cited and all of similar import where such unusual requirement is imposed as to proof of bad faith.

The Supreme Court of Georgia generally has not followed the pattern set by the Court of Appeals, as is shown by *Cotton States Life Ins. Co. v. Edwards,* 74 Ga. 220 (4); *Watertown Fire Ins. Co. v. Grehan,* 74 Ga. 642 (3); *Hull v. Alabama Gold Life Ins. Co.,* 79 Ga. 93, 97 (3 SE 903); *Traders Ins. Co. v. Mann,* 118 Ga. 381, 386 (45 SE 426); *Globe & Rutgers Fire Ins. Co. v. Walker,* 150 Ga. 163, 172 (103 SE 407); *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 211 (121 SE2d 649); *U. S. Fidelity &c. Co. v. Evans,* 223 Ga. 789 (158 SE2d 243). However, that court has not allowed bad faith to stand as proven in every case. See *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823 (2) (136 SE2d 351); *Interstate Life & Acc. Ins. Co. v. Williamson,* 220 Ga. 323 (138 SE2d 668).

There is no law which authorizes the appellate courts of Georgia to disregard all statutes and rules of evidence and proof when it comes to proof of bad faith against an insurance company. "Bad faith" is a fact to be proven in a case just like any other fact, under the statutes and rules of evidence, proof and preponderance of evidence, including the following: "Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases the preponderance of evidence is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." Code § 38-105.

"By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other." Code § 38-106.

"Generally the rules of evidence are the same in all the courts, and upon every trial the exceptions shall exist only by express statute." Code § 38-108.

"Presumptions are either of law or of fact. The former are conclusions and inferences which the law draws from given facts.

The latter are exclusively questions for the jury, to be decided by the ordinary test of human experience." Code § 38-113.

"The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as, to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity—in these cases (except in treason) corroborating circumstances may dispense with another witness." Code § 38-121.

"In arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." Code § 38-123.

To show how far afield we have gone in requiring almost impossible proof of bad faith against an insurance company, consider the following authorities relating to evidence and proof in the general run of cases: *Milligan v. Milligan,* 209 Ga. 743, 744 (76 SE2d 18) holds that *"Fraud* may not be presumed, but, being itself subtle, slight circumstances may be sufficient to carry conviction of its existence." (Emphasis supplied.) (Is bad faith any worse than fraud; should it be more difficult to prove bad faith than to prove fraud?) In *Cleghorn v. Janes,* 68 Ga. 87 (5), it is held: "Where a party holds the affirmative side of an issue, he must bring sufficient testimony to satisfy the court and jury of the truth of what he affirms. When he has done that, the burden is shifted, and it devolves upon the other side to show that it was not the truth." (But as to bad faith of an insurer, the only burden the insurer has is to bring one witness, who may not be believed by anybody, and yet that one witness completely disproves bad faith without the jury having the right to pass upon his credibility.) In *Schnell v. Toomer,* 56 Ga. 168 (3), it is held: "The exclusion of reasonable doubt, in some civil cases, as held requisite in 11 Georgia Reports, 160, 30 Ibid. 619, means no more than that the jury must be clearly satisfied." In *Brothers v. Horne,* 140 Ga. 617 (1) (79 SE 468), it is held: "In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty. . . Trover being a civil action, a preponderance of evidence in favor of plaintiff is sufficient to authorize a recovery, although the contention of the plaintiff be that the defendant came into possession of property sued for by committing a crime." (Thus, in that case, even though plaintiff had

to prove defendant committed a crime in order to recover, he only had to prove such commission by a preponderance of evidence, not beyond a reasonable doubt. That is, and should be, the rule in all civil cases, contrary to the way the Court of Appeals has required as to proof of bad faith by an insurance company.) In *Hyer v. Holmes & Co.,* 12 Ga. App. 837 (3) (79 SE 58), it is held: "One who assumes the burden of proof is only required to carry the burden of evidence until his contention has been prima facie established." (But not so in bad faith cases against an insurer. In such cases plaintiff has the burden, first of proving his own case, and then he has an additional burden of not allowing the defendant to introduce any testimony against him, on penalty of losing on the issue of bad faith and attorney fees.)

I therefore respectfully dissent from the majority opinion in this case, on the question of bad faith and attorney fees.